PARK v. CITY OF LAURENS.

ATTORNEY's FEES—CITIES.—Employment by a citizen of a city of an attorney to bring an action to require city officers to perform duties by them neglected, and the suit resulting in bringing funds into the city treasury, do not raise an implied contract on part of city to pay him for his services, as in such action he is not the representative of the city. But if the attorney abandon that part of the original proceeding as to his compensation on promise of mayor and attorney of city that city would pay him, that is sufficient consideration to support such contract, but he must show express authority in the mayor and attorney to make it. Can the citizen who instituted the original suit maintain action against the city to recover his disbursements, attorney's fees, &c.?

Before W. C. BENET, special Judge, Laurens, October, 1903. Reversed.

Action by James B. Park against city of Laurens on following complaint:

"The complaint of the above named plaintiff respectfully shows unto the Court:

"1st. That the plaintiff herein is now, and was at the times hereinafter named, an attorney at law, residing at Greenwood, in the county of Greenwood, in the State of South Carolina.

"2d. That the defendant herein is now, and was at the times hereinafter named, a municipal corporation created under the laws of the State of South Carolina, and is known as and called 'The City of Laurens.'

"3d. That on or about the 1st day of November, 1898, this plaintiff, as the attorney of J. H. Garrison, a citizen and

taxpayer of the said the city of Laurens, commenced an action or proceeding in the Supreme Court of the State of South Carolina for the benefit of the said J. H. Garrison, and all other citizens and taxpayers of the said the city of Laurens, against the municipal officers of the said the city of Laurens, and the city of Laurens and the Laurens Cotton Mills, a corporation situate within the corporate limits of the said the city of Laurens, wherein the said J. H. Garrison, among other things, sought to have an ordinance or resolution theretofore passed by the city council of the city of Laurens, exempting the Laurens Cotton Mills from taxation for a period of twelve years, declared unconstitutional and void, and for a writ of mandamus against the corporate officers of the said the city of Laurens, compelling them to collect the back taxes at that time due by the said Laurens Cotton Mills, and thereafter levy and collect from the said Laurens Cotton Mills each year the taxes that should become due upon its property situate within the corporate limits of the said 'The City of Laurens.'

"4th. That thereafter such proceedings were had in the said action in the Supreme Court, as resulted in a decision declaring the said ordinance or resolution void, and compelling the municipal officers of the said 'The City of Laurens' to levy and collect from the Laurens Cotton Mills the unpaid taxes for the years 1896 and 1898, and to levy and collect each year thereafter for the balance of the twelve years taxes upon the property of the Laurens Cotton Mills situate within the corporate limits of the city of Laurens.

"5th. That in the said proceedings the plaintiff asked that inasmuch as all the citizens and taxpayers of the city of Laurens would be benefited by the said action, a reasonable attorney's fee be allowed this plaintiff for the bringing of the said action; but before the said action was ended and a decision rendered, W. R. Richey, Esq., then the mayor of the city of Laurens, and also attorney of record for the municipal officers of the city of Laurens, and said 'The City of Laurens,' in the before mentioned action or proceeding in the

Supreme Court, charged with the management and in full control thereof, assured this plaintiff that if he would abandon his claim for a fee by the Supreme Court, and would present a claim for services rendered to the city council of the city of Laurens, that a reasonable fee would be allowed this plaintiff for the bringing of the said action.

"6th. That in bringing the said action or proceeding in the Supreme Court, the said J. H. Garrison, suing for the benefit of himself and all other citizens and taxpayers of the city of Laurens, was the representative of the city of Laurens, and the said action was brought by the said J. H. Garrison, a citizen and taxpayer, because of the refusal, neglect and failure of the corporate officers of the said 'The City of Laurens' to perform the duties imposed upon them by law, and levy and collect the taxes due by the Laurens Cotton Mills.

"7th. That the city of Laurens, as a direct result of the said action or proceeding, has received as taxes from Laurens Cotton Mills for the years 1896 and 1898 more than $2,000, and for the years 1899, 1900, 1901 and 1902 since the decision in the said action or proceeding more than $8,000, and will receive at the same rate for the exempted period over $10,000 more. So that as a result of the said action or proceeding the city of Laurens, for the benefit of her citizens and taxpayers, will receive more than $20,000.

"8th. That relying upon the assurances of W. R. Richey, Esq., the then mayor of the city of Laurens, and the authorized attorney of record for the said municipal officers of the city of Laurens, and said 'The City of Laurens,' this plaintiff abandoned his claim for the allowance of a fee by the Supreme Court in the said action or proceeding, and in accordance with the said assurances, demanded of the proper officers of the city of Laurens a reasonable fee for the said services, and the same has been refused.

"9th. That the sum of $2,000 is a reasonable fee to this plaintiff for the services rendered the said 'The City of Laurens.'

"Wherefore, the said plaintiff demands judgment against the said defendant, the city of Laurens, for the sum of $2,000, and the costs of this action."

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that:

"1st. The complaint shows on its face that the plaintiff was never employed to perform the services set out therein by the city of Laurens.

"2d. No contract, either express or implied, is shown in the complaint between the plaintiff and the city of Laurens, but on the contrary the complaint shows that the services therein alleged were performed by the plaintiff at the request of his client, J. H. Garrison, in an action against the mayor and aldermen of the city of Laurens.

"3d. That the complaint does not show any promise on the part of the defendant to pay for the services rendered, but simply alleges that W. R. Richey, Esq., who was then mayor, promised to see plaintiff paid, which was entirely without consideration and in no event could bind the defendant."

From order overruling demurrer, defendant appeals.

*Mr. A. C. Todd,* for appellant, cites: *There must be a contract:* 36 S. C., 25; 25 S. C., 200; 21 S. C., 162; 13 S. C., 445; 24 S. C., 239; 25 S. C., 496. *Assurances of the mayor are without consideration and illegal:* 15 Ency., 1029, 1086; 20 Ency., 1160; 4 Mackey, 242; 16 How. Pr., 432; 20 Cal., 105; 51 Tex., 532; 60 Penn. St., 464; 2 Kan., 357; 1 Dill. Mun. Corp., 4 ed., 316, 517.

*Mr. F. B. Grier,* contra, cites: *The acts of an officer are presumed to be on proper authority:* 22 Ency., 2 ed., 1267, 1269, 1270, 1272. *As to implied obligations on part of cites:* 13 Ill., 371, 366; 9 Cal., 453; 27 L. R. A., 99; 3 Pom.

Eq. Jur., sec. 1095; 3 Cook on Corp., 4 ed., 2090, 2091; 105 U. S., 533.

*Mr. J. F. J. Caldwell,* of counsel, contra, cites: *Party bringing fund in is entitled to have his attorney's fees paid out of it:* 21 Ency., 1 ed., 673; 1 McC. L., 143; 105 U. S., 532; 1 Peere Will, 376; 13 Allen, 474; 10 Wall., 483.

March 11, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The city of Laurens undertook to exempt the Laurens Cotton Mills from taxation. J. H. Garrison, a resident and taxpayer of the city, filed his petition in this Court, alleging such exemption to be unconstitutional, and asking for a writ of mandamus compelling the city council to collect the taxes. The city council and the cotton mill both opposed the granting of the relief sought. After litigation, the writ of mandamus was issued.

The plaintiff in this action, who was employed by Garrison as his attorney and conducted the litigation for him in that proceeding, now brings his action against the city of Laurens for his reasonable fees, alleging, first, that the city expressly, through its mayor and attorney, agreed to pay his fees; and, second, that his client, J. H. Garrison, suing for the benefit of himself and all other citizens and taxpayers of the city, was in the litigation the representative of the city, because of the neglect and refusal of the city council to perform the duty of collecting the tax required of it by law, and that through his efforts large sums have come into the city treasury.

The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that it does not state an express contract with the city, but with its mayor and attorney, which was not binding on the city, because made without authority and without consideration; and in that it does not state an implied contract with the city, but, on the contrary, that the plaintiff's services were rendered to his client, Garrison, in an action against the

mayor and aldermen of the city and the city itself. The complaint and the demurrer are set out in full by the Reporter. The Circuit Judge overruled the demurrer.

The allegations of the complaint as to the express contract are contained in the fifth paragraph: "That in the said proceedings the plaintiff asked that inasmuch as all the citizens and taxpayers of the city of Laurens would be benefited by the said action, a reasonable attorney's fee be allowed this plaintiff for the bringing of the said action; but before the said action was ended and a decision rendered, W. R. Richey, Esq., then the mayor of the city of Laurens, and also attorney of record for the municipal officers of the City of Laurens and the said the City of Laurens, in the before mentioned action or proceeding in the Supreme Court, charged with the management and in full control thereof, assured this plaintiff that if he would abandon his claim for a fee by the Supreme Court, and would present a claim for services rendered to the city council of the City of Laurens, that a reasonable fee would be allowed this plaintiff for the bringing of the said action."

The consideration alleged is sufficient. It is quite immaterial whether the plaintiff would or would not have been allowed his claim in this Court under the mandamus proceeding. The settlement of pending litigation was a valuable consideration.

The act incorporating the city of Laurens is a public act, and the Court must take judicial cognizance of it. The charter of the city does not confer upon the mayor the power to make a contract for services, and, therefore, his agreement in that capacity could not be sustained as a valid exercise of official authority binding on the city. We do not think there is any allegation of special authority conferred upon him by the city council. For this purpose reliance is placed on the statement in the complaint that Mr. Richey, the mayor and attorney of record of the city council and of the city of Laurens, was "charged with the management and in full control" of the mandamus proceeding, but it plainly appears from the

context that this is no more than an allegation that *by virtue* of his office as mayor and as attorney of record for the city council and for the city, he was charged with the management and full control of the proceeding. These relations do not imply authority to make a contract to settle the cause or allow attorneys' fees to opposing counsel. Special authority from the city council to Mr. Richey should have been alleged.

It is well settled that there is no ground to imply a contract where the parties have agreed upon an express contract covering the same subject matter. *Wood* v. *Ashe,* 1 Strob., 407; 15 Am. & Eng. Ency. of Law (2d ed.), 1078. Having found, however, that no express contract with the city of Laurens is alleged, it is necessary to consider the allegations as to implied contract. The conclusion as to the allowance of attorneys' fees drawn from all the decisions in this State is, that there must be a contract, express or implied, with the party to be charged, or with his representative. *Nimmons* v. *Stewart,* 13 S. C., 445; *Hand* v. *R. R. Co.,* 21 S. C., 162; *Westmoreland* v. *Martin,* 24 S. C., 239; *Ex parte Lynch,* 25 S. C., 200; *Hubbard* v. *Camperdown Mills,* 25 S. C., 496; *Ex parte Fort,* 36 S. C., 25. See, also, *Rives* v. *Patty,* 60 Am. St. Rep., 510; *Attorney General* v. *North American Life Insurance Co.,* 43 Am. Rep., 648; *Grant* v. *Lookout Mountain Co.,* 27 L. R. A., 99; *Trustees* v. *Greenough,* 105 U. S., 533. The difficult questions are, who is a representative? and what circumstances imply a contract?

All cases here and elsewhere in which fees have been adjudged to an attorney on the ground of representation were equity causes, where the Court had actual charge of the money or other property from which the fees were allowed. We have not been able to find any case where the action of an attorney for fees against an individual or a corporation has been sustained on the ground that such individual or corporation had an interest in and was benefited by a suit instituted at the instance of another person and in his name.

When municipal officers refuse to perform their plain

ministerial duty, any citizen interested is allowed to put the machinery of the Courts in motion to require the performance of such duty, because of his own interest in its performance; but it would be stretching the doctrine of representation very far to hold that in such case he was the representative, agent, or trustee of the corporation in the sense that his attorney could bring a direct action against the city for his services. This would be equivalent to holding that the municipality, and, through it, every one of its citizens, should be forced to accept the moving party as the municipal representative in an action which they might not sanction. We do not think it is a sufficient answer to this objection to say the attorney of the party instituting the proceeding should be paid by the city only when funds come into the city treasury, or it acquires property as the result of the proceeding. Even where there is a strict legal right, the municipal authorities may regard its enforcement unjust or impolitic, and may be supported in this view by the citizens generally. In that case one interested may, nevertheless, set the machinery of the law in motion to enforce his right as a citizen to have the council to perform a legal duty, and the judgment of the Court made in recognition of the rights of such citizen to have the legal duty performed, may confer, from the legal standpoint, great benefit on the municipality and through it on its citizens; but it does not follow from this that the city is legally bound to recognize the actor in such proceedings as its representative in the litigation, whose reasonable contracts for attorneys' fees and other expenses of the litigation, would be the city's contracts. To sustain such a proposition would be taking a very long step in advance of any precedent on the subject of implied representation that has been cited in argument or that we have been able to find.

We do not say that no case could arise where a citizen would be entitled to reimbursement from the city of funds expended as attorneys' fees or otherwise in maintaining a suit for its benefit. The sole question we are called upon

to decide in this case is whether the conduct of this litigation by the plaintiff under contract with Mr. Garrison implied a contract between the city and the plaintiff upon which he could bring a direct action. We are obliged to hold that there was no privity of contract between the city and the plaintiff, and, therefore, the action cannot be sustained.

To avoid misunderstanding, it may be well to say, the right of Garrison to bring his action for counsel fees and other expenses, on the ground that he made these disbursements in securing a public municipal right which the city council refused to enforce, is not here involved. Such an action would in no wise depend upon any claim by Garrison's attorney to represent the city of Laurens, or its council, such as is alleged in this complaint; but, if it could stand at all, would have to rest on the principle thus laid down in Keener on Quasi Contracts, 341: "Where an obligation is imposed by law upon a person to do an act, because of the interest which the public has in its performance, it would seem that on the defendant's failure to perform, a person performing the same with the expectation of receiving compensation should be allowed to recover against the defendant."

We allude to this subject merely to make clearer the views expressed as to this case, and with no intention of intimating an opinion as to whether the facts of this transaction would sustain such an action.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, with leave to the plaintiff to move in the Circuit Court to amend his complaint by alleging express authority in Mr. Richey, the mayor and attorney, to make the contract set out in the fifth paragraph of the complaint, or to amend the complaint in any other particular as he may be advised.