## CAUTHEN v. CAUTHEN.

1. ESTOPPEL—RES JUDICATA.—THE COURT OF EQUITY HAS NO POWER to fix a fee between an attorney and his client, to be paid out of funds due the client for services in representing him both as administrator and as an individual, in establishing a debt due him from an estate and for partition of the estate lands, except by consent of the client, and such consent is not obtained by consent of his attorneys to order of reference for fixing the fee. In such contests, facts relied on to show waiver or estoppel should be especially strong and client is not estopped from denying power of Court to fix a fee by appearing at the reference and cross-examining witnesses for attorney as to amount of fee and then withdrawing. Order of reference to fix fee is not *res judicata* against client because he did not appeal from it, he having given notice that he would not abide by it as soon as he was notified of it.

   *In Re Bugg,* 71 S. C., 443, *distinguished from this.*

2. JUDGMENT.—ATTORNEYS.—An order directing Clerk to pay money to attorney of judgment creditor in settlement of judgment obtained against an estate in Court, in part for fee adjudged due attorney by judgment creditor being adjudged void for want of jurisdiction in Judge making it; attorney not required to pay the money back, but payment held valid on ground that attorney had authority to collect amount due his client, and judgment ordered to be credited with amount paid attorney, although the relation of attorney and client was somewhat strained at time of payment, but he had not been dismissed.

3. ADMINISTRATORS—ACCOUNTING.—Scheme allowing administrator credit for an amount due him as such on a bid by him at sale of estate property as an individual before all claims against estate were provided for, not commended.

Before KLUGH, J., Lancaster, April 10, 1906.   Modified.

Action by W. B. Cauthen, as administrator, and Arista Cauthen against Alexander Cauthen, Emma Cauthen *et al.* From Circuit decree, W. B. Cauthen appeals.

*Messrs. W. C. Hough* and *R. E.& R. B. Allison,* for appellant. *Mr. R. E. Allison* cites: *Jury trial cannot be waived by conduct:* 25 S. C., 73. *Claim for professional services between parties sui juris rest on contract:* 13 S. C., 445; 24 S. C., 238; 25 S. C., 193, 496; 36 S. C., 20; 43 S. C., 299; 25 L. R. A., 67. *One Circuit Judge has no right to disregard or set aside an order made by another in same cause:* 3 S. C., 438; 28 S. E., 476.

*Messrs. Green & Harris,* for themselves, as respondents, cite: *How attorneys should be dismissed:* Rules 7 and 4 C. C.; 36 S. C., 19. *Consent of plaintiff's attorneys to order of reference to fix fee is binding on client:* 3 Ency., 35-7; 324; 47 S. C., 363; 40 S. C., 154. *In equity cases for partition, marshalling assets, etc., the practice has been to fix and pay a fee out of the funds coming to clients:* 25 S. C., 503; 24 S. C., 238; 73 S. C., 402; 68 S. C., 568; 3 Ency., 451, 453b, 458f. *Not appealing from order of reference, but appearing at references thereunder is waiver of right to move to set it aside:* 39 S. C., 452. *Point not made during references not considered on appeal:* 69 S. C., 136; 63 S. C., 559; 37 S. C., 214; 40 S. C., 16.

March 8, 1907.   The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was originally brought by John M. Cauthen, as a creditor and heir at law of William B. Cauthen, deceased, to obtain a sale of the lands of the estate for the payment of his claim, and the distribution of the surplus proceeds of the sale among the heirs. The plaintiff died during the progress of the suit, leaving as his heirs, William B. Cauthen and Arista Cauthen; and by order of the Court of Common Pleas, William B. Cauthen, who

had become administrator of John M. Cauthen's estate, and
Arista Cauthen were substituted as plaintiffs. After pro-
tracted litigation, the rights of the parties, as presented by
the pleadings, were settled by the decree of this Court in a
former appeal (70 S. C., 167). Thereafter, on October the
28th, 1905, an order was made by Judge Buchanan, presid-
ing, in the Court of Common Pleas, for the sale of the land
by the clerk of Court for Lancaster County, with directions
to hold the proceeds of the sale subject to further order of
the Court. On the same day, another order was made
referring it to C. D. Jones, Esq., special referee, to make up
a final statement showing the amount due the estate of John
M. Cauthen by the estate of William B. Cauthen, Sr., taking
as a basis of the computation thirty-five hundred and forty
and 81-100 dollars, adjudged to be due on September the
26th, 1901. In the same decree, it was "further ordered
that the said referee do also take testimony and report to this
Court a reasonable fee for plaintiffs' attorneys for their ser-
vices herein, both as attorneys for John M. Cauthen and W.
B. Cauthen, administrator of John M. Cauthen, deceased,
the said fee to be paid out of plaintiff's interest in the pro-
ceeds of the sale of the lands described in the complaint, as
those interests may hereafter be determined." The referee
reported the amount due the estate of John M. Cauthen to be
thirty-two hundred and ninety-nine and 64-100 dollars, with
interest from September the 26th, 1905. He further re-
ported his conclusion, after taking testimony as to service
performed, that eighteen hundred dollars would be a reason-
able fee to be paid to Messrs. Green & Hines for services
rendered the plaintiffs in the litigation, to be paid out of
funds coming to the plaintiffs from the sale of the land.

The main contention in this appeal is between Cauthen
and his attorneys, Messrs. Green & Hines, as to this fee.
Cauthen appeared in person at the reference, and cross-ex-
amined Messrs. Green & Hines, and the attorneys and
other witnesses, who testified as to the extent and value of
the professional services rendered. Cauthen also offered

testimony in the effort to sustain his contention that Messrs. Green & Hines had agreed to accept a fee of two hundred dollars for all services in the cause. Two days after the reference had been closed, the referee, on December the 6th, 1905, opened it at the request of W. C. Hough, Esq., appearing as attorney for Cauthen, in order to allow Cauthen to offer further evidence as to the fee, "and to enter upon the records his legal contentions as to the matter of the fee." Instead of offering further evidence, however, Mr. Hough, on behalf of Cauthen, made this statement of his position: "That the plaintiff, W. B. Cauthen, did not consent to the order of reference in this case, leaving the question of a fee for Attorneys Green & Hines to be ascertained by the referee, but, on the contrary, claims that there was a contract between the plaintiff, Cauthen, and John T. Green, Esq., senior member of the firm of Green & Hines, which settled the question of fee; that plaintiff, Cauthen, would not examine witnesses before the referee as to what would be a reasonable fee, on the ground that the question of fee in this case is strictly a legal one, and can only properly be decided by a jury." This position was elaborated in the exceptions to the report of the referee; and notice was incorporated in the exceptions and served with them that a motion would be made to rescind the order of reference.

In the meantime, the land had been sold on December the 4th, 1905. One tract was bid off by a stranger, who immediately paid in cash his bid of eighteen hundred and twenty-five dollars. Cauthen bid off the other tract for six thousand dollars, but on refusal of the clerk to allow him credit for the amount of the claim established in his favor as administrator, and for one-half of three-tenths, his distributive share of the surplus as an heir of his father, he failed to comply with his bid; and the clerk, thereupon, advertised the tract of land for resale as directed by the order of sale in case of non-compliance. On December the 9th, 1905, on motion of Mr. Hough as attorney for Cauthen, Judge Gage made an order at chambers requiring the clerk to

show cause on December the 22d, 1905, why he should not be enjoined from reselling the land, and restraining him from reselling in the meantime.   On hearing the clerk's return, Judge Gage, at chambers, on January the 19th, 1906, enjoined the proposed resale on the ground that Cauthen, in the payment of his bid, should be allowed credit thereon for the amount of the decree in his favor as administrator, and for his distributive share of the surplus proceeds of sale. On December the 12th, 1905, after the order to show cause was made, but before the clerk was enjoined, an order was made at chambers by special Judge Hydrick, while holding the Circuit Court at Yorkville, directing the clerk of Court to pay to Messrs. Green & Hines, as plaintiff's attorneys, from the proceeds of the sale of the land the thirty-two hundred and ninety-nine and 64-100 dollars, and interest adjudged to be due W. B. Cauthen, administrator; and also, the three-tenths of the surplus as the distributive share of W. B. Cauthen and Arista Cauthen.   This order was taken on the consent of attorneys representing the several parties, Messrs. Green & Hines signing the consent as attorneys for W. B. Cauthen and Arista Cauthen.   The clerk, on December the 13th, 1905, having in his hands eighteen hundred and twenty-five dollars, the amount of the bid which had been complied with, paid to Messrs. Green & Hines fourteen hundred dollars, reserving four hundred and twenty-five dollars for costs.   Judge Hydrick, on December the 21st, 1905, at chambers, as we understand, made an order adjudging that he was without jurisdiction when he signed the order recited above.   Certain of the defendants, represented by Earnest Moore, Esq., subsequently moved before Judge Gage, we assume in open Court, to have the order of Judge Hydrick of December the 12th, 1905, declared null and void, and to require Messrs. Green & Hines to return the fourteen hundred dollars received by them from the clerk under that order.   This order was asked of Judge Gage, on the ground that the consent to the order for the payment of the money was signed with the understanding

that none of the money was to be paid out until Cauthen had complied with his bid. Judge Gage held the order of Judge Hydrick void, for the reason that he had no judicial power, except in the County of York, where he was holding Court, under a commission as special Judge. But regarding the payment as if it had been made by the clerk, without even a semblance of an order, on the claim of Cauthen, which constituted a first lien on the proceeds of sale, he considered the risk of loss to the defendants a mere possibility, sufficiently safeguarded by the clerk's bond, and refused to require Messrs. Green & Hines to refund the money paid to them.

The cause came up before Judge Klugh, at the March Term, 1906, of the Court of Common Pleas, on the exceptions to the report of the referee, recommending a fee of eighteen hundred dollars to be paid to Messrs. Green & Hines, from funds in the hands of the Court coming to the plaintiffs. The hearing resulted in a decree, (1) confirming the report of the referee, and directing that the payment of fourteen hundred dollars to Messrs. Green & Hines, as plaintiff's attorneys, be credited on the fee of eighteen hundred dollars; (2) requiring W. B. Cauthen to comply with his bid of six thousand dollars within thirty days, and allowing him to take credit in settling his bid, for thirty-two hundred and ninety-nine and 64-100 dollars, and interest, the amount decreed to be due him as administrator, less the sum of eighteen hundred dollars allowed in the decree to Messrs. Green & Hines as a fee.

We have recited all the somewhat confused orders and proceedings, because, in the argument it was earnestly contended that they had an important bearing, and in the eighteen exceptions all the orders are referred to. The contention between Cauthen and Messrs. Green & Hines, his attorneys of record in the cause, as to the fee, turns upon these questions:

1. Did Messrs. Green & Hines have the right to have the

fee fixed and charged upon the property of their clients by the court of equity?

2. Is Cauthen estopped by any consent or participation in the proceedings from alleging against the method here pursued of ascertaining the amount of the fee, and providing for its payment?'

3. Has the matter become *res judicata* against Cauthen by reason of any judgment of the Court from which he has not appealed?

In answering the first question, it is essential to bear in mind the scope of the action. All that was contemplated in this action brought by Messrs. Green & Hines was the establishment of the claim of John M. Cauthen as a debt of the estate of William B. Cauthen, the elder, and the sale of the lands for the payment of the debt, and for partition. The litigation arose from the denial by the other heirs of the validity of the claim. It is true, the suit has resulted in bringing the lands and the proceeds of the sale under the control of the court of equity, but when the Court has adjusted all the equities, and adjudged the rights of the parties, it is without power to go further and say what fee the several parties shall pay their respective counsel. Claims for such services against persons *sui juris* rest on contract, express or implied, with the party to be charged or his representative. The cases in this State, and the leading cases in other jurisdictions sustaining this proposition, are collected in *Park* v. *Laurens,* 68 S. C., 218, 46 S. E., 1012. Here the Court is not administering a trust fund, but merely deciding a contest between individuals as to their rights in certain property. It is true, after fixing the rights of the several parties, in order to enforce them, it became necessary for the Court of equity to sell the land and distribute the fund, but manifestly it does not follow from this that it was the duty or function of the Court of equity to say what was the express or implied contract of the different parties with their respective attorneys as to fees to be paid. Such matters do not involve equities inhering in the case or

growing out of it, but contract rights strictly legal in character, in the determination of which either party is entitled to a jury trial. In the case of *Ex parte Fort,* 33 S. C., 19, 15 S. E., 333, a similar dispute as to fees arose. In the Circuit decree of Judge Hudson, which was affirmed by the Supreme Court, the principle we are applying is thus tersely stated: "In an action of this nature for the foreclosure of a mortgage, the attorney has no claim for his services, or lien upon the fund in Court; and without the consent of parties the Court is without authority to determine the amount of compensation to which Mr. Graham may be entitled for his services as attorney herein, or to order the payment of it out of the fund in Court. The parties are both *sui juris,* competent to contract for themselves; and if they cannot agree, then whatever liability may have been incurred by the plaintiff to Mr. Graham must be determined and enforced as in other matters of contract of this character by an action at law, as (the parties) may be advised." Fixing the fees which Cauthen owed to Messrs. Green & Hines was, therefore, not within the scope of the action, and the Court of equity had no power to order a reference or to confirm the referee's report on that subject, except by consent of Cauthen.

Clearly, Cauthen is not estopped by consent of Messrs. Green & Hines to the order of reference to ascertain the fee. A party to an action is bound by the consent of his attorney in proceedings in Court respecting those matters only which are within the scope of the action. Not only was the order of reference as to fees not within the scope of the action, but it was a step in the adjudication of a matter in which, from the very nature of things, Messrs. Green & Hines could not represent Cauthen. When a legal proceeding is set on foot to have a claim of one person adjudged a debt due by another, the two individuals, in a legal sense, are in antagonistic relations, and neither, as to that particular matter, can be the representative of the other. The fact that the inquiry relates to a claim for services rendered in

the confidential relation of attorney and client, only emphasizes the impossibility of representation in such circumstances.

It is insisted, however, Cauthen was estopped by his own conduct in appearing at the reference, and cross-examining the witnesses and offering evidence on his own behalf. This position cannot be sustained. In such a contest between attorney and client, the facts relied on to show waiver or estoppel should be especially strong. At the time of Cauthen's participation in the reference, he was not represented by counsel as to the matter in hearing, which was a controversy with his attorneys of record in the cause respecting fees to be paid. The case is distinguished from *In re estate of Permelia Bugg,* 71 S. C., 443, 51 S. E., 263, by the fact that there the parties held bound by a judgment respecting matters not within the scope of the original proceedings, were represented by counsel, whose authority to represent them and consent for them was not drawn in question; and by the further fact that no objection was made until the case had proceeded to judgment and a sale of the property had been made. In this case, before the reference was closed, Cauthen, with reasonable promptness, employed counsel, who immediately gave notice that he would not participate further in the reference, but would rely on his legal right to have the controversy as to fees decided by a jury on the law side of the Court. The rights of Messrs. Green & Hines were in no way impaired by his withdrawal from the reference. Assuming that the right to a jury trial may be waived by consent, as was indicated in *Griffith* v. *Cramley,* 58 S. C., 448, 36 S. E., 738, there was certainly no conduct here on the part of Cauthen showing an intentional relinquishment of a known right or in any degree misleading Messrs. Green & Hines to their prejudice.

It is also quite clear, the matter is not *res judicata* as to Cauthen, by reason of his not giving notice of appeal from the order of reference made by Judge Buchanan for the ascertainment of the fee to be charged on his interest in the

proceeds of the sale. For reasons already stated, Messrs. Green & Hines could not represent Cauthen in taking the order, as it was entirely outside of the scope of the action. As against Messrs. Green & Hines, therefore, it was only necessary for Cauthen to repudiate the order within a reasonable time, after notice. He did repudiate it within a reasonable time, and before Messrs. Green & Hines had suffered any detriment from relying on it, by giving notice that he would not further participate in the reference, but would insist on a jury trial; and by his exceptions to the report of the reference.

For these reasons, the exceptions to the report of the referee as to the fee allowed and charged against the interest of W. B. Cauthen in the proceeds of the sale, either as administrator or in his own right, should have been sustained, and on this point the decree of Judge Klugh, of April the 2d, 1906, is reversed.

We next consider the rights of Cauthen with respect to the sum of fourteen hundred dollars paid by the clerk to Messrs. Green & Hines, on December the 13th, 1905. The only order to which this judgment can be referred is that of Judge Hydrick, then holding Court in York County, under a special commission. This order is conceded by all to be a nullity. The subsequent order of Judge Gage, refusing to require this payment to be returned to the clerk was made under a motion of other parties to the cause. If this disbursement could be regarded a payment to Messrs. Green & Hines on account of a fee due to them by Cauthen, we think it clear the order of Judge Gage refusing to require it to be returned, would not be binding on Cauthen, because he had no notice of it, and it would relate to a matter outside the scope of this action. But it is important to observe the payment was not made on account of fee, but as a general payment to Messrs. Green & Hines, as Cauthen's attorneys in part satisfaction of the decree in favor of Cauthen as administrator. By virtue of being Cauthen's attorneys in the cause, Messrs. Green &

Hines had full authority to collect the judgment in his favor, and no order of the Court was necessary to justify the clerk in making the payment. *Wheeler* v. *Alderman,* 34 S. C., 533, 13 S. E., 673; *Pool* v. *Gist & Roddy,* 4 McCord, 259; *The Treasurer* v. *McDowell,* 1 Hill, 184; *Taylor* v. *Easterling,* 1 Rich., 310. The only risk taken by the clerk, was that of not retaining enough to satisfy the just demands of other claimants. It is true, when Messrs. Green & Hines received this money for their client, their relations with him may have become somewhat strained on account of the dispute as to the fee, but as they had not been discharged as counsel in charge of the cause, there is no legal ground upon which they can be required to return to the clerk money collected for their client on a judgment in his favor. They hold the amount paid as attorneys for Cauthen, and not as a payment made on their fee, by order of the Court. It follows that the payment of fourteen hundred dollars to Messrs. Green & Hines must be credited on the decree in favor of Cauthen, as administrator; but, for the reasons already stated, Judge Klugh was in error in deducting eighteen hundred dollars from his judgment as a fee due Messrs. Green & Hines.

As to the settlement of Cauthen's bid of six thousand dollars, no exception has been made to the scheme of Judge Klugh's decree, allowing him credit for the judgment in his favor, as administrator, on a purchase made by him as an individual, and we mention the point only to guard against any impression that this Court expressly approves of such an application of a trust fund. We affirm the Circuit decree that he should be allowed credit on his bid for the true balance on the judgment, because no objection has been made to it. This balance is found by crediting fourteen hundred dollars as of the date of payment to Messrs. Green & Hines. There can be no doubt that Cauthen is entitled to credit on his bid for his distributive share in the surplus proceeds of the sale. In all proba-

bility, provision for this credit was omitted from Judge Klugh's decree by inadvertence.

The judgment of this Court is, that the judgment of the Circuit Court be modified, in accordance with the views herein expressed.