## 7052

### BUIST v. WILLIAMS.

1. AMENDING PLEADINGS.—In an action by receiver of an insolvent bank against stockholders for contribution on the debts of the bank, it is proper to permit complaint amended after sustaining demurrer by substituting as plaintiff one creditor for the benefit of all desiring to come in for the receiver plaintiff.

2. ATTORNEYS' FEES.—In suit by one creditor of an insolvent bank for benefit of himself and such others as desire to come in, the fees of plaintiffs' attorneys should not be charged against funds which would go to the stockholders, and in suit by such creditors against stockholders the plaintiffs are not entitled to recover their attorneys' fees against the stockholders.

3. BANKS—CORPORATIONS—ATTORNEYS' FEES.—STOCKHOLDERS of an insolvent bank are not entitled to be credited as against their liability to the creditors with the gross sums collected by receiver, but with the net surplus after deducting expenses of administration, including fees of receiver's counsel.

4. PARTIES —ACCOUNTING — CORPORATIONS — RECEIVERS.—WHERE STOCKHOLDERS of an insolvent bank are not made parties to a suit by creditors for winding up the affairs of the bank and they are afterwards sued to contribute to the indebtedness, it is their right to be heard on the accounts of the receiver, although they had been passed on in the first case.

Before MEMMINGER, J., Barnwell, January, 1908. Modified.

Action by C. S. Buist, in his own behalf and on hebalf of all other creditors, against Geo. W. Williams *et al.,* as stockholders of the Merchants' and Planters' Bank of Blackville. From judgment for plaintiffs, defendants appeal.

*Messrs. Simons, Seigling & Capplemann, Buist & Buist,* and *Smythe, Lee & Frost,* for appellants.

*Messrs. Smythe, Lee & Frost* cite: *The amendment of the complaint by substituting a new party plaintiff was error:* Code of Proc., 193, 194; 1 Ency. P. & P., 455-6; 46 At., 927; 24 S. E., 563; 30 So., 524; 62 Pac., 189; 51 Pac., 108; 1 McC., 182; 32 S. C., 142; 18 S. C., 305; 21 S. C., 226; 28 S. C., 445; 57 S. C., 256; 51 S. C., 164; 64 S. C., 491; 74 S. C., 236; 13 S. C., 491. *Stockholders are not liable for expenses and attorneys' fees in suit brought to liquidate the bank, and in the present action:* 25 S. C., 496; 36 S. C., 19; 68 S. C., 212; 30 S. C., 483; 38 S. C., 557; 27 S. C., 97; Code 1902, 1775; 53 S. C., 583; 66 Minn., 487; 50 N. Y., 137; 121 U. S., 27.

*Messrs. Bates & Simms,* contra, cite: *On both points made by appellants:* Code 1902, 1775; 53 S. C., 583; 2 Black on Judg., 807, 814; 34 L. R. A., 696; 85 Ga., 238; 45 L. R. A., 824; 1 L. R. A. (N. S.), 1087; 27 W. Va., 576; 45 S. C., 319; 54 L. R. A., 825; Stearns on Suretyship, 519, 118. *Parties cannot appeal from an order to which they have formally submitted by answer:* 43 S. C., 304; 44 S. C., 168, 299, 23.

November 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The issues made by this appeal had their origin in an action instituted by C. S. Buist, on behalf of himself and all other creditors who might come in and contribute to the expenses of the action against the

Merchants' and Planters' Bank of Blackville, S. C.   The
complaint in that action alleged that the bank had become
insolvent, owing the plaintiff and other depositors more than
$10,000.   The relief asked was "that an injunction be
granted restraining the defendant from making any disposi-
tion of its assets; that a receiver be appointed pending the
trial of this action; that judgment be rendered against the
said defendant for plaintiff's demand, as above stated, and
for the demands of other creditors who may come in and
accept the benefits of this action upon the terms above
stated; that an accounting be had with the said bank, and
the respective liabilities of the parties be paid; and for such
other and further relief as may be just and equitable."   The
bank answered, and, under an order to show cause, John
O'Gorman, Esq., was appointed receiver on 11th February,
1901, and the assets were collected and distributed by him.
The stockholders of the bank were not made parties to the
cause.

In the course of the distribution counsel fees were paid by
the receiver, under orders of the Court, to H. F. Buist, Esq.,
attorney for the plaintiff, C. S. Buist, aggregating $1,000,
and to Messrs. Bates & Simms, attorneys for the receiver,
$1,200.   The other costs and expenses incurred by the
receiver, together with his commissions, amounted to
$2,117.67.   All these expenses, aggregating $4,317.67, were
taken from the total sum of $18,309.48, collected by the
receiver, and the remainder, $13,991.81, was paid to the
creditors of the bank.   After applying this sum so ascer-
tained, as the net credit applicable to these debts, there
remained due to creditors, according to the receiver's
account, the sum of $7,332.21.

By an order, dated 26th March, 1904, the receiver's
accounts were approved and confirmed, and he was "author-
ized and directed, as he may be advised by the receiver's
attorneys herein," to institute suits against the stockholders
to enforce their statutory liability for the amount remaining

due to the creditors. Thereafter this action was instituted in the name of the receiver, for the benefit of the creditors, against the stockholders of the bank, to recover $7,332.21, the remainder alleged to be due on the debts of the bank. The liability of each stockholder was stated to be one hundred and five per cent. of the face value of his shares of stock, instead of one hundred per cent., because the bank was incorporated in 1889, and the liability was fixed, therefore, by the Constitution of 1868, and the statute enacted thereunder, and not by the Constitution of 1895. A number of the stockholders appeared and demurred to the complaint, on the ground that the action should have been brought in the name of the creditors and not in the name of the receiver. On the hearing a decree was made by the Circuit Judge (1) for judgment against the stockholders who had defaulted and who had answered and not demurred; (2) sustaining the demurrer; (3) giving leave to plaintiff's attorneys to amend by substituting for the receiver, as plaintiff, C. S. Buist, in behalf of himself and all other creditors, and by making appropriate changes in the complaint.

The defendants, George W. Williams, Joseph F. Morris, H. Klatte, J. A. Smyth, F. W. Wagener, George A. Wagener, P. E. Trouche, E. F. R. Weiters, as executor of the will of J. C. Weiters, and Carolina Savings Bank, then answered, admitting that they held stock in the insolvent bank, but denying the other material allegations in the complaint. The answer also contained allegations not involved in this appeal, as to the defendants' equity of contribution from other stockholders. The cause was heard under the complaint, as amended, and the answer. The Circuit Court adjudged the stockholders liable for the entire sum of $7,332.21, appearing in the accounts of the receiver as the amount of unpaid debts of the bank after exhausting its assets, and also for a reasonable counsel fee for plaintiff's attorneys in this action against the stockholders.

George W. Williams and the other stockholders, who are the appellants, first assign error in allowing the amendment substituting for the receiver, as plaintiff, suing on behalf of creditors, C. S. Buist, a creditor suing for himself and other creditors. The power of the Circuit Judge to allow such an amendment, in his discretion, has been sustained in a number of decisions. *Jennings* v. *Springs,* Bail. Eq., 181; *Coleman* v. *Keller,* 13 S. C., 491; *Baker* v. *Hornik,* 51 S. C., 315, 28 S. E., 941; *Sentell* v. *So. Ry. Co.,* 67 S. C., 229, 45 S. E., 155; *Greenwood L. & G. Assoc.* v. *Williams,* 71 S. C., 421, 51 S E., 272. The exception as to the amendment is overruled.

The defendants are not liable for the fees of attorneys employed by creditors to prosecute their action against the bank, or their action against the defendants in this cause, and the Circuit Court was in error in not sustaining the position of appellants on this point. It is a rule of equity, universally recognized, that where one creditor institutes proceedings for the benefit of all creditors, those creditors who claim the benefit or fruit of the action must contribute to the expenses, including counsel fees, and the Court will direct the payment of such fees and expenses before the division of the property recovered. It was, therefore, quite proper that the fee of Mr. H. F. Buist, who was the attorney who filed the complaint against the bank, asking for the appointment of a receiver and the distribution of the assets among creditors, should be paid from the funds realized for the creditors before distribution among them. *Nimmons* v. *Stewart,* 13 S. C., 446; *Hand* v. *Savannah & C. R. R. Co.,* 21 S. C., 162. But the creditors were in no sense the agents, trustees or representatives of the bank or the stockholders, and they could not have their counsel fees paid by the bank. *Parks* v. *Laurens,* 68 S. C., 218, 46 S. E., 1012, and authorities cited. If the amount realized by the receiver from the assets of the bank had been sufficient, over and above the expenses of administration of the receiv-

ership, to pay the debts of the bank and leave a surplus of one thousand dollars, it is perfectly clear this surplus would have belonged to the bank, and the Court would have been without power to apply it to the payment of attorneys' fees incurred by creditors in their suit against the bank No authority seems necessary for the proposition that in the absence of a contract to that effect a Court has no power to require a defendant to pay the counsel fees of a prevailing plaintiff; but the point was expressly decided in *Wagner* v. *Mars*, 27 S. C., 106, 2 S. E., 844. That was a successful action brought by creditors to set aside a sale of property as fraudulent. The Court held that atorneys' fees, incurred by the plaintiff who instituted the proceedings, should be paid from the fund going to creditors, realized from the sale of the property, made under the order of the Court, before distribution among them, but not from any surplus over the debts and costs, because such surplus belonged to the defendants. Authorities to the same effect are collated in 54 L. R. A., 819.

The plaintiffs contend, however, that the defendant stockholders, though not parties to the suit against the bank, appeared before Judge Aldrich and objected to the allowance of fees, and are, therefore, bound by his decree, and estopped from denying liability for the fees of plaintiffs' counsel. This proposition rests on the following statement appearing in the record: "At the hearing before Judge Aldrich, upon the question of fees, Mr. M. Rutledge Rivers appeared on behalf of the defendants herein, who were not parties to the proceeding, and, with the receiver's attorneys, opposed the allowance of fees; but his Honor, Judge Aldrich, overruled the proposition in said order signed by him, and from that order there has been no appeal. Prior to the hearing of the motion for fees before his Honor, Judge Townsend, the attorneys for the above named defendant stockholders were notified that they might likewise appear, if they should be so advised, in opposition to the

motion for said allowance; but no one appeared, either at the reference or at the hearing before his Honor, Judge Townsend." The principal difficulty respondents have in the effort to sustain their position is that Judge Aldrich's decree contemplates payment of the fees of plaintiff's counsel from the fund "going to creditors," and to that there could be no ground of objection on the part of stockholders. There is no language in the decree which can be construed into an adjudication that the fees of the attorney for the creditors is to be embraced in the debts of the bank, or in any manner charged up against the stockholders. It follows that counsel fees for the plaintiff, as representative of the creditors, cannot be allowed from the assets of the bank, so as to increase by the amount of such fees the liability of the appellants as stockholders for the debts of the bank.

The disbursements necessarily made by the receiver, in collecting and distributing the assets of the bank, stand on an entirely different footing. Creditors of an insolvent bank are not required to exhaust the assets of the bank before suing the stockholders on their liability fixed by law. *Bird* v. *Calvert*, 28 S. C., 292; *Parker* v. *Carolina S. Bank*, 53 S. C., 583, 31 S. E., 673. Hence, when a bank becomes insolvent the creditors have two remedies which they may enforce, simultaneously. They may sue the bank, and have a receiver appointed for the collection of the assets and application of them to the debts; and, at the same time, sue the stockholders on their liability. The stockholders are entitled to credit on their liability for the amounts realized from the assets of the bank; but such credits can only be ascertained by administration of the affairs of the insolvent bank, and the law prescribes receivership as the only method by which creditors can procure administration. It makes no difference that the stockholders are not parties to the proceeding under which the

receiver was appointed.   The administration of a receiver
is a proceeding *in rem.*, which from its nature can be under-
taken and accomplished only once with respect to the same
property.   In appointing a receiver for an insolvent cor-
poration the Court undertakes to administer its assets
through the receiver for the benefit of all concerned, stock-
holders as well as creditors.   That the appointment is made
at the instance of a creditor and not a stockholder is a mere
incident, and in no wise affects the interests or rights of the
stockholders in the receivership.   Under the guidance of the
Court the receiver is the representative of all.

The stockholders are entitled to credit on their liability
for the assets of the bank realized by the receiver, but the
assets going to the beneficiaries is the net property, after
paying the expenses of the trust; for the well-established
rule is that a trust estate must bear the expenses of its
administration.   While the precise question here under con-
sideration was not involved, the rule was applied to the
expenses of a receivership, including counsel fees, in *Hub-
bard* v. *The Camperdown Mills,* 25 S. C., 496.   The credit
to be allowed here to the stockholders of the bank on their
liability is not the gross amount realized by the receiver
from the assets of the bank, but the net amount after dis-
charging the expenses of the receivership.   In *Richmond* v.
*Irons,* 121 U. S., 27, the Court held the stockholders of an
insolvent institution to be entitled to credit on their liability
for the gross sum derived from a receiver's administration
of the assets of the bank, without deducting the expenses of
the receivership.   So strong is our conviction against this
view, and so cogent the reasons in favor of the conclusion
we have reached, that we are unable to yield our convictions
even to that authority.   The stockholders are not entitled
to credit for the gross sum realized from the receivership,
but the net sum after taking off the expenses of the adminis-
tration of the trust.

It may be well to say that the stockholders not being
parties to the cause in which the charges for counsel
fees and other expenses were allowed, it is their right
to be heard on the accounts of the receiver, and to
attack any items thereon that they deem improper or exces-
sive.

It is the judgment of this Court that the judgment of the
Circuit Court be modified according to the conclusions
herein expressed, and the cause remanded for such further
proceedings as may be necessary.