7453

### THAMES v. ROUSE.

ATTORNEY's FEES—RECEIVER—REFERENCE.—A contract between executors and their attorney must be enforced in a Court of law, but where the Court has taken possession of the assets of the estate by its receiver, it may determine the question of fees. The order of reference here appealed from was made to ascertain the facts, and adjudges nothing.

Before WATTS, J., Hampton, February, 1909. Affirmed.

Order of reference as to fees for petitioners, E. F. Warren and W. T. Smith, in the case of Jas. F. Thames *et al.* against M. D. Rouse *et al.* From order of reference, plaintiffs appeal.

*Mr. W. B. deLoach,* for appellants. *Mr. E. F. Warren* and *W. S. Smith,* contra.

February 23, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The executors of the will of W. H. Mears appeal from the following order of Judge Watts, dated the 23d of February, 1909:

"On hearing the petition of E. F. Warren and W. S. Smith, attorneys at law herein, and the argument of counsel, ordered: That it be referred to W. B. Causey, Esq., to take testimony which may be offered with reference to compensation for services of E. F. Warren and W. S. Smith, as attorneys for P. H. Mears and James F. Thames, executors of will of W. H. Mears. That the testimony so taken be reported with all convenient speed to this Court."

The order was made on a petition which alleged that the petitioners, Mr. Warren and Mr. Smith, were retained by the executors of the will of W. H. Mears for all the purposes of the administration of the estate; that they advised

the said executors in all matters required of them; that in grave issues of law as to the probate of the will, and the possession of the property of the testator, they represented the executors in the probate and Circuit Courts; that in these matters Mr. Warren represented the executors in the Supreme Court; and "that among other duties imposed on your petitioners and performed by them, was an application to the Court for the appointment of a receiver to take charge of the goods and estate of said testator."

The executors objected to the order of reference, but the record does not show that they presented to the Court any denial of the allegations of the petition by affidavit or otherwise.

The question, therefore, is whether the order was proper, taking the statements of the petition as true. If nothing more appeared than that the executors made a contract with the petitioners for the performance of professional services, and that such services were performed, the order of reference could not stand; for it has often been held that such a contract must be enforced as other contracts by an ordinary action at law. *Ex parte Fort,* 36 S. C., 19, 15 S. E., 332; *Wilson* v. *York,* 43 S. C., 299, 21 S. E., 82; *Park* v. *Laurens,* 68 S. C., 218, 46 S. E., 1012; *Cauthen* v. *Cauthen,* 76 S. C., 226, 56 S. E., 928; *Buist* v. *Williams,* 81 S. C., 495, 62 S. E., 859.

But it further appears from the petition that the funds of the estate were taken out of the hands of the executors and taken into the hands of the Court through a receiver; and it does not appear that the Circuit Court was informed by the parties whether the property had even been restored to the executors. If the property of the estate is still in the hands of the Court, then it may be that the counsel of the executors would have an equity to have the Court determine what would be proper remuneration for the services rendered in the course of administration, and provide for payment of the amount, before the distribution of the assets

among creditors or legatees. Whether such an equity exists depends upon facts which the record does not disclose. The order of reference was no doubt made by the Court to ascertain the facts, so that the Court might determine whether the estate was in the hands of the Court through its receiver, and whether there were any equities which would require the payment of the fees of the counsel for the executors from such funds, if any. The order adjudges nothing, and if under the facts developed by the reference it appears that the only right of the petitioners is to bring their action at law under their contract with the executors, then it will be the duty of the Circuit Court to dismiss the petition and leave them to enforce ther rights in that manner. This Court cannot anticipate that the Circuit Court will commit any error on that point.

It is the judgment of this Court that the judgment of the Circuit Court be affiirmed.