### 7454

### THAMES v. ROUSE.

ATTORNEY'S FEES—RECEIVER.—The Court appointing a receiver has the authority to fix the fee of the attorney representing him as a part of the administration of the estate, and it is not error to order a reference to take evidence to ascertain if a fee should be paid and how much.

Before WATTS, J., Hampton, February, 1909. Affirmed.

Order of reference on petition of E. F. Warren in case of Jas. F. Thames *et al.* against M. D. Rouse *et al.* Plaintiffs appeal from order.

*Mr. W. B. deLoach,* for appellants, *Mr. E. F. Warren,* contra.

February 23, 1910. The opinion of the Court was delivered by

Mr. Justice Woods. This appeal is from an order of Judge Watts which required W. B. Causey, Esq., as special referee, "to take the testimony which may be offered with reference to compensation for the service of E. F. Warren, as attorney for A. M. Ruth, receiver of the estate of W. H. Mears, and that the said special referee report the testimony so taken to this Court."

The executors of the estate of W. H. Mears opposed the order, and now on appeal, insist that they are entitled to a trial by jury on the claim of the attorneys for the receiver to be paid from the funds of the estate in their hands. The record is very meagre, consisting of nothing more than the notice of the motion for the reference, the petition of Mr. E. F. Warren setting out the appointment of A. M. Ruth as receiver of the estate of W. H. Mears, his own employment by Ruth as attorney, and the performance by himself of services as such attorney, the order of reference and the exceptions.

There can be no doubt that the Court appointing a receiver has the authority to provide for the payment of his expenses, including reasonable attorney's fees. *Mimmons* v. *Stewart,* 13 S. C., 445; *Hand* v. *Savannah etc. Ry.,* 21 S. C., 102; *Buist* v. *Williams,* 81 S. C., 495, 62 S. E., 859. The allowance of such fees is incidental to the administration of the estate by the Court, and the fees are necessarily fixed by the Court according to its discretion in accordance with equitable principles. No facts whatever appear in the record indicating that the case falls without the usual rule, and, therefore, we cannot say the Circuit Judge was in error in ordering the reference. It is to be observed that the order does not adjudge that Mr. Warren is entitled to fees, but only that testimony may be taken, so that the Court may thereupon determine whether any fee should be paid, and if so, what the amount should be.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.