7548

O'CONNOR v. KEISER.

ATTORNEY'S FEES.—In a proceeding to appoint a receiver to take possession of the property and run the business of a failing merchant, an attorney representing the plaintiff, the receiver, some of the creditors and the defendant debtor in the beginning of the action cannot have assessed under reference against the fund in Court his fees for services rendered the defendant debtor.

Before DANTZLER, J., Abbeville, May, 1909.     Affirmed.

From order in case of D. P. O'Connor & Co. against Ed. Keiser, refusing to fix fee for E. L. Richardson, Esq:, for representing defendant Keiser, Mr. Richardson appeals.

*Messrs. Grier* and *Park,* for appellant.

*Mr. W. N. Graydon,* contra.

April 14, 1910.    The opinion of the Court was delivered
by

Mr. Chief Justice Jones.    In this suit W. A. McCord
was appointed receiver of the assets of the defendant,
Keiser.

The appellant was attorney for plaintiff and certain other
creditors of Keiser, was attorney for the receiver, and also
claims to have rendered services as attorney for Keiser.

W. N. Graydon, Esq., then representing defendant Keiser,
on April 30, 1909, gave E. L. Richardson, as attorney for
plaintiff and the receiver, notice to dissolve the receivership
and for an order "to take testimony as to what will be a
proper fee for the plaintiff's attorney herein," and on May
8, 1909, Judge Dantzler signed a consent order, among other
things, referring to the master "to take testimony as to what
will be a proper fee for E. L. Richardson, Esq., for his ser-
vices rendered in the said cause."

The master submitted his report with the testimony, which
included testimony as to services rendered to defendant,
Keiser.

The matter came up before Judge Dantzler May 22, 1909,
and upon objection being raised by W. N. Graydon, Esq.,
representing Keiser, Judge Dantzler held that it was not
proper in this proceeding to allow a fee to E. L. Richardson
for services rendered to Keiser, and ordered the master to
take testimony "as to what would be a reasonable fee for
plaintiff's attorney herein for his services to the creditors
and the receiver in this matter out of the funds in the hands
of the Court."

E. L. Richardson appeals from the order, and contends
that he was entitled to have a proper fee fixed for all his

services in the cause, including services rendered to the defendant, Keiser.

We find no ground for reversal in the exceptions.

Whatever services were rendered by appellant in bringing into Court a trust fund for creditors and in the administration of the same is provided for in the order. Compensation for services rendered to defendant, Keiser, in or out of the cause, must depend upon contract between the parties who are *sui juris*. No equity appears to take the case out of the well settled rule that such contracts must be enforced by an ordinary action at law, involving right of trial by jury. *Ex parte Fort*, 36 S. C., 19, 15 S. E., 332; *Wilson* v. *York*, 43 S. C., 299, 21 S. E., 82; *Park* v. *Laurens*, 68 S. C., 218, 46 S. E., 1012; *Cauthen* v. *Cauthen* 76 S. C., 226, 56 S. E., 978; *Buist* v. *Williams*, 81 S. C., 495, 62 S. E., 859; *Thames* v. *Rouse, ante*, 69, 67 S. E. Rep., 140.

We find nothing in the terms of the consent order granted May 8, 1909, which would estop defendant, Keiser, from opposing adjustment of appellant's claims against him in these proceedings, as there is nothing therein indicating intention to take testimony as to the services of appellant to defendant, Keiser. *Cauthen* v. *Cauthen*, 76 S. C., 226, 56 S. E., 978.

The judgment of the Circuit Court is affirmed.