CASE No. 872.

NIMMONS v. STEWART.

1. Where an action is instituted in the court of equity for the benefit of persons unable to contract for themselves, or by one of a class for the benefit of all, the fees and costs should be apportioned and paid out of funds which the litigation has brought under the control of the court.
2. A reference to ascertain what would be a reasonable fee in such cases is only to inform the conscience of the judge, and parties in the cause have no right to notice of the reference.

Before ALDRICH, J., Pickens, June, 1879.

The case is fully stated in the opinion of the court.

*Mr. W. E. Earle,* for appellants, cited the code of procedure, Section 278 as amended, and Section 296.

May 3d, 1880. The opinion of the court was delivered by

McGOWAN, A. J. This case was submitted without a word of argument of any kind whatever, and we know nothing of the circumstances except what we find in the brief.

It seems that Isaac Anderson executed to the son, John F. Anderson, a conveyance of a tract of land in Pickens county, containing fifteen hundred and sixty acres, more or less, not however, to take effect in possession during the lives of the donor and his wife, and also upon the further condition that his idiotic daughter, Mary, should have a support for life out of the said land ; and if the donee, John F. Anderson, should fail to give a good and sufficient support to Mary, then the sum of $2000, charged upon the said land, was to be set apart to Hester Nimmons and Alpha Barton, as trustees, for the support of Mary. That Hester Nimmons, the plaintiff, alone accepted the trust, and the life tenants, as well as the donee, John F. Anderson, having died, she, in the double character of one of the heirs of Isaac Anderson and as trustee for the idiot daughter, Mary, in-

stituted these proceedings, *first,* for the partition of the land ; and, *second,* to raise the $2000 charged thereon for the support of Mary, *" her cestui que trust."*

The case was heard as a proceeding in equity by Judge Aldrich, who rendered a decree in which he ordered the lands sold for partition and the proceeds divided among those entitled, except as to the amount of $2000 of the purchase money, (less the counsel fee of $200, hereafter referred to, which was to be paid in cash,) which was directed to be secured by bond and mortgage of the purchaser, and the interest thereon, as it should accrue, to be paid semi-annually to Hester Nimmons, as trustee of Mary, during her life, and after her death, the corpus, reduced to $1800 by the fee aforesaid, to be distributed among the parties in interest. . The decree was equivalent to a sale of the land and the investment, under the orders of the court, of $1800 of the purchase money, the interest of which was to support Mary during her life, and at her death to be distributed among those entitled in remainder.

The decree contained an order referring it to the clerk of the court to inquire and report what would be a reasonable fee for the professional services of the attorney of Hester Nimmons, the plaintiff, which was directed, as before stated, to be paid out of $2000 set apart for Mary. At the time the decree was signed, the clerk's report, which was prepared in advance, was read, reporting the evidence and recommending a fee of $200, which was adopted, and that amount ordered to be paid the attorney of the plaintiff.

The defendants, who are entitled to the said fund at the death of Mary, appeal to this court upon the following grounds :

1. " Because the court erred in confirming the report of the referee allowing a fee of $200 to the plaintiff's attorney, the reference having been held and the report therein confirmed before any order of reference was made.

2. " Because the court erred in confirming said report, the reference having been held without any notice to the appellant or his attorney.

3. " Because the said fee is excessive.

4. " Because the court erred in allowing said fee out of the corpus of the trust fund, the remaining portion of the tract of land out of which the trust fund arises being left undisposed of in any manner."

The general rule certainly is, that a claim for professional services, as between attorney and client, like other claims for services, must rest on the contract of the parties, express or implied, and can only be established on proof of such contract against the party who makes the engagement; but there are exceptions to this rule on the equity side of the court. The well-established practice of the court of equity, as to costs and fees, differs, in several particulars, from the rule of law. In equity, costs, as between " party and party," are entirely within the discretion of the court, and as to fees between " solicitor and client," there are cases in which, from the character of the parties or the nature of the proceeding, the court will make provision for the payment of proper charges for professional services rendered in the proceedings which have taken place in the court, as where the parties for whose benefit the services are rendered are infants, lunatics, or from any other cause are not capable of contracting, or where the parties are numerous and have an interest in common, for the benefit of which professional services are rendered, at the instance of one or more of the parties interested. In such cases as this, the court generally deems it just and equitable that services rendered for the benefit of the common interest should, as upon a *quantum meruit*, be paid for out of the common fund, and will, upon a proper showing, so order, if the fund or property, the subject of litigation, is under the control of the court, as, for example, in suits of trustees, agents, &c., in creditors' suits, for the administration of the estates of deceased debtors. The expenses of a suit for an account and distribution of estates, must be discharged out of the general estate. 2 *Daniell's Ch. Pl. & Pr.; Minuse* v. *Cox,* 5 *Johns. Ch.* 451.

The code of procedure repealed the laws in force at its adoption, upon the subject of costs, and changed the principle upon which they are allowed, but at the same time it provides " additional allowances in any action for the partition of real prop-

erty." *Gen. Stat.* 651, § 334. The recent act altering the code as to costs, does not affect this question. It has been held that these provisions, in the New York code, do not affect the equitable power of the court to grant counsel fees out of a common fund belonging to the parties, as part of the relief which should be given on the final disposition of the cause. *Hotaling* v. *Marsh,* 14 *Abb.* 161; 3 *Wait's Pr.* 494.

This was a proceeding in equity. Whether regarded as instituted by Hester Nimmons, as trustee, to raise the fund charged on the land for the support of her *cestui que trust,* Mary, or as heir-at-law of Isaac Anderson, for partition of the land, she was successful in both aspects of the action, and her expenses in having the proceedings conducted should be reimbursed either out of the interest for the support of Mary, or the proceeds of the sale under the prayer for partition. Certainly the whole expenses should not be thrown upon the interest set apart for the support of Mary. Part was so charged, and the remainder upon the general fund in court, which was within the discretion and judgment of the Circuit judge, without making any reference upon the subject. He was familiar with the facts of the case. He had the right to decide what interest should be charged with the expenses in whole or in part, and he might also have fixed the amount of the fee without reference; but for his own satisfaction, he referred it to the clerk to " ascertain and report what would be a reasonable fee for the plaintiff's attorney." This was not one of those references of which the parties had a right to notice. It was really *ex parte,* and intended only to inform the conscience of the judge. The evidence reported satisfied him. He adopted it and made his decree that $200 should be paid to the plaintiff's attorney, who had conducted the proceedings, out of the corpus fund of the court, and we cannot say that this was error. The evidence reported by the referee is not in the brief, and we cannot consider the question whether the fee for the services rendered was excessive. Both the referee and Circuit judge concur as to the amount, and in that case it would require the strongest evidence to reverse the decree, if the question were before us. So far as we can judge,

from the nature of the case and the amount involved, the fee does not seem to be excessive.

The decree is affirmed and the appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.