### WILSON v. TOWNSHIP OF YORK.

1. JURY TRIAL—LEGAL ISSUES.—An action by attorneys to recover an unliquidated demand for fees for services rendered is an action at law triable by jury, no matter how great the inconveniences of such a mode of trial; and the right to a trial by jury of this issue, in the first instance, is not affected by the demand of the complaint, that a fund in the hands of one of the defendants should be subject to the payment of these fees.[1]

2. IBID.—TESTIMONY TAKEN BY REFEREE.—Where a case is triable by jury, the witnesses must be examined in the presence of the jury, except in the special cases provided for by statute, and this right is violated when the testimony is taken by a referee without consent, reported to the court, and read to the jury.

3. IBID.—REVERSAL OF PRIOR ORDER.—An order of a Circuit Judge, based upon the pleadings, directing a trial by jury, is, in the absence of further developments, binding upon the succeeding judge.

Before WATTS, J., York, April, 1894.

These were four actions by Wilson, Wilson & McDow, continued in the name of W. B. Wilson, jr., and Thos. F. McDow, after the death of W. B. Wilson, sr., against four townships of York County, to wit: the townships of York, Catawba, Cherokee, and Ebenezer, respectively, commenced September 18, 1883. The order of Judge Watts, settling the "Case," was as follows:

This cause is before me for the purpose of settling "Case" for the purpose of appeal to Supreme Court. The defendants' attorneys served a "Proposed Case," to which plaintiffs' attorneys served amendments, which were not accepted by defendants' attorneys, and it is before me for settlement. After I passed order of April 5th, the case was reached on regular call of the docket, the plaintiffs' attorneys having failed to get the consent of the defendants' attorneys and the local bar to consent that a day be fixed for trial. When this case was called, plaintiffs' attorneys offered to take up and try with this case the other three cases against the townships of York County,

---

[1] For compulsory reference as a denial of the constitutional right to trial by jury, see note to *Steck* v. *Colorado F. & I. Co.*, 25 L. R. A., 67.

which was not consented to by the defendants' attorneys. Thereupon a jury was empanelled and the trial proceeded. A great mass of testimony was adduced, both oral and document- ary. A witness was there several days with the records of the United States Court. Attorneys, as witnesses from the adjoin- ing counties, were present and examined, and if the testimony was printed, it would cover from 125 to 150 pages of printed testimony. After I delivered my charge, the jury retired; but after having failed to agree, after several hours deliberation, a mistrial was ordered.

Counsel for plaintiffs thereupon in open court made a motion orally to refer the case to a referee to take the testimony, and also made a similar motion in each of the other three cases mentioned in the second exception herein. After argument of counsel, I granted the order of April 16th, stating orally that after hearing the whole case, testimony and all, that it was a case, in my judgment, that should be referred to take testimony. I am still of that opinion, and think that in the interest of just- ice it should be referred for that purpose. The testimony is voluminous. It is necessary for the plaintiffs to have the rec- ords of the United States Court to prove their case, and wit- nesses from a distance; and it seemed to me to be fair and just to both sides to refer it as I did. I, therefore, recalled my order of April 5th, and passed the order appealed from, inasmuch as the jury failed to agree, and no motion for nonsuit was made.

The defendants, except C. E. Spencer (who was made a party defendant as the holder of funds), appealed.

*Messrs. Finley & Brice* and *W. B. McCaw,* for appellants.

*Messrs. McDonald, Douglass & Obear,* contra.

March 6, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The four cases above stated, involving the same questions, were heard and will be con- sidered together. It appears that, upon due notice, his honor, Judge Ernest Gary, on the 11th of November, 1893, granted an order, from which there was no appeal, in the following terms:

On hearing read the pleadings in the above stated causes, and it appearing from the complaints that the causes of action stated are for unliquidated money demands, and on motion of Finley & Brice and W. B. McCaw, attorneys for defendants, it is ordered, that each of the above stated causes be stricken from Calendar 2, Calendar 1 being the proper calendar for the trial of the said causes." At a subsequent term of the court, plaintiffs' attorneys gave notice of a motion to refer said causes to a referee, "to take the testimony in said actions and report the same to said court." This motion was heard by his honor, Judge Watts, and refused, on the 5th of April, 1894, "after hearing read the pleadings in the said case, and the order of Judge Gary." One of the cases was then taken up for trial before a jury, who, failing to agree upon a verdict, a mistrial was ordered; and on the 16th of April, 1894, Judge Watts granted another order, rescinding his previous order of the 5th of April, and referred it to a referee, "to take all the testimony upon the issues raised by the pleadings herein, and that he report the same to this court with all convenient speed." The reasons for this last mentioned order are given by Judge Watts in his order settling the "Case," entitled therein, "report of trial judge," a copy of which should appear in the report of this case. From this last mentioned order of the 16th April, 1894, the defendants appeal upon the several grounds set out in the record, which raise but two questions: 1st. Did Judge Watts have the power to reconsider and reverse the order of Judge Gary? 2d. If he did, was there error in referring the case to a referee to take and report the testimony?

We will consider the second question first. To determine this question, it is necessary to ascertain what was the nature of the case—was it an action at law or in equity? We think that Judge Gary was right in holding that it was an action to recover an unliquidated money demand, and if so, then, clearly, the parties were entitled to a trial by jury, unless that mode of trial had been waived, of which there is no pretense. The real object of the action, unquestionably, was to recover the amount of fees claimed to be due plaintiffs for professional services rendered the several townships sued,

in some proceeding in the United States Court, for which the defendants distinctly denied their liability. The fact that the plaintiffs, in their complaint, also asked that certain assets which had been placed in the hands of the defendant Spencer, should be subjected to the payment of their claims, cannot alter the main feature of the action, for even if it should be conceded that this imparted an equitable feature to the action, it is very obvious that before such feature could be considered, it would be necessary for the plaintiffs, first, to establish their claims, which were nothing more than ordinary legal demands for the payment of money; and this must be done before the tribunal appointed by law for that purpose.

It is contended, however, that the order appealed from does not deny defendant the right of trial by jury, but simply provides for the taking of the testimony upon which the case may afterwards be tried by a jury. It seems to us that a denial of any of the incidents to a trial by jury amounts to a denial of the right to that mode of trial; especially where, as in this case, the parties are denied what has always been regarded as a distinctive and peculiarly valuable feature of that mode of trial, to wit: that the testimony shall be taken in the presence of the jury, so that they may have an opportunity of observing the conduct and demeanor of the witnesses, and thus be better able to determine the weight to be given their testimony. Indeed, the proposition that the testimony in a case properly triable by a jury can be taken elsewhere than in the presence of the jury, except by consent, and except in those cases specially provided for by statute, is so utterly at variance with the long established practice, and so entirely unsupported by authority, that we would be very slow to adopt such a view. But we need not pursue this discussion, as it has been settled by the decision of this court in the case of *De Walt* v. *Kinard,* 19 S. C., 286; for in that case, at page 295, the court used this language: "From what we have said, it follows that there was error in referring the whole case to the master to take the testimony and report the same to the court, for on all the legal issues the defendant has a right to have the witnesses examined before a jury, except such wit-

nesses as, under statutory provisions, may be examined by commission; for even when testimony is taken by the clerk, under the act of 1872 (15 Stat., 41), the statute secures to either party the right to require the personal attendance and *viva voce* examination at the trial of the witnesses so examined."

It seems to us, therefore, that there was error in referring the case to a referee to take and report the testimony, at least so far as the legal issues were concerned, inasmuch as it does not appear that this case fell within any of the subdivisions of section 293 of the Code, even if those subdivisions can be regarded as applying to a case like this. See *Smith* v. *Bryce*, 17 S. C., 538.

Under this view, the first question above stated loses its importance, though we may add that we think Judge Gary's order was the law of the case, and could not be properly disregarded by any subsequent Circuit Judge, unless, perhaps, the subsequent developments made by the trial put upon the case such a different aspect from that presented by the pleading, which alone were before Judge Gary, as to show that the order of reference was proper. But we do not understand from the remarks of Judge Watts, in his order settling the "Case," that such was the fact. He seems to have based his change of opinion upon the ground of the inconvenience of witnesses and the length of time which would be consumed if the case were tried before a jury. Such considerations, in our judgment, are not sufficient to warrant a compulsory order of reference to take the testimony, and thus practically deprive the parties of the right of trial by jury.

The judgment of this court is, that the orders appealed from in the cases stated in the title be reversed, and that the cases be remanded to the Circuit Court for a trial by jury of all the legal issues involved.