16344

DePASS v. PIEDMONT INTERSTATE FAIR ASS'N
(59 S. E. (2d) 495)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, *for Appellant,*

*Messrs. Lyles & Lyles* and *DePass & DePass,* all of Spartanburg, *for Respondent,*

April 19, 1950.

Oxner, Justice.

This is an action to recover the sum of $4,300.00 for professional services alleged to have been rendered by the late Alva C. DePass, a prominent member of the Spartanburg Bar, to the Piedmont Interstate Fair Association. It is before us on an appeal by the defendant from an order (1) refusing a motion to strike certain allegations of the complaint, and (2) referring the case to a special referee.

We shall first determine whether the Court below erred in granting a compulsory order of reference. Appellant contends that it is entitled as a matter of right to a jury trial on the issues raised by the pleadings.

The basis of the claim for professional services can better be understood by briefly referring to the facts and issues before this Court in the case of *Johnson et al. v. Spartanburg County Fair Association et al.*, 210 S. C. 56, 41 S. E. (2d) 599. For a long number of years, the Spartanburg County Fair Association annually conducted a county fair in the City of Spartanburg. From time to time considerable friction developed among the stockholders. In January, 1946, or shortly prior thereto, a movement was started to organize a new fair association, composed of Spartanburg and several adjoining counties to be known as the Piedmont Interstate Fair Association. This movement was led by George S. DePass, Esq., a lawyer and farmer of Spartanburg and a nephew of Mr. Alva C. DePass. Mr. George DePass endeavored to secure from the stockholders of the Spartanburg County Fair Association a proxy authorizing him to vote at a meeting of the shockholders to be held on March 15, 1946, in favor of (1) the liquidation of said Association, and (2) the granting of a ninety-day option to him and Mr. Howard McCravy to purchase the major portion of the assets of the Association for the sum of $17,718.12. The proposed option was to contain the following provision: "This option is given to the said George S. DePass and Howard McCravy in trust nevertheless for the purpose of conveying said option and all rights under same to a new fair association to be organized by them, to be named The Piedmont Interstate Fair Association, or any other name chosen by the directors, as soon as same can be formed, and within ninety days, or else this option to be null and void."

At the stockholders' meeting held on March 15, 1946, those holding a majority of the stock voted in favor of a motion granting said option and a resolution authorizing the

liquidation of the affairs of the Association. This action was approved at a meeting of the directors held three days later. On April 13, 1946, certain minority stockholders brought an action to enjoin the Association, its officers and directors, from selling its assets as contemplated in said option. It was claimed that the proposed action of the majority of the stockholders was illegal. Messrs. McCravy and DePass, who held the option, were allowed to intervene in said action and after issues were joined, the case was referred to the Master who found against the minority stockholders. His report was confirmed by the Circuit Court. On appeal to this Court by the minority stockholders, the judgment of the Circuit Court was reversed and in an opinion filed on February 12, 1947, the option heretofore mentioned was held to be invalid because it had not been approved by a vote of two-thirds of the total number of shares outstanding.

During the pendency of the above action, a charter was secured for the Piedmont Interstate Fair Association on July 13, 1946. A few days later a meeting of the directors of the new corporation was held, at which the option granted to Messrs. DePass and McCravy was accepted. Possession of the property mentioned in said option was delivered to the purchaser and a fair was held by the new Association in 1946, 1947 and 1948. It appears that a substantial profit was made during each of these years. Of course, the effect of the decision of this Court was to nullify the sale to the Piedmont Interstate Fair Association.

On March 19, 1947, certain stockholders of the Spartanburg County Fair Association commenced another action against the Association and the Piedmont Interstate Fair Association seeking, among other relief, the appointment of a receiver for the Spartanburg County Fair Association. On April 10, 1947, a consent order was taken wherein, after reciting that the hostile factions among the stockholders of the Spartanburg County Fair Association were earnestly seeking an amicable settlement of their differences and that

it was to the interest of all parties that the appointment of a receiver be postponed pending said negotiations, the property of the Spartanburg County Fair Association was placed in the hands of three trustees named by the Court with authority to operate the business and to negotiate a settlement of all matters in dispute. A few months later a tentative agreement was reached between said trustees and the Piedmont Interstate Fair Association whereby a stipulated amount was to be paid by the latter to the Spartanburg County Fair Association for certain property owned by the Spartanburg County Fair Association and for the use of its facilities during the fairs held in 1946 and 1947, and in settlement of all claims against the Piedmont Interstate Fair Association. It was further agreed that the fair to be held during 1947 and future years should be operated by the Piedmont Interstate Fair Association. On June 4, 1948, the Court issued an order approving, with slight modifications, the settlement recommended by the trustees.

In May, 1949, the executor of the will of Alva C. DePass, who died on January 6, 1948, filed a petition in the action which was appealed to this Court in which he asked that a fee of $2,500.00 be allowed against the Piedmont Interstate Fair Association for services rendered in said litigation by Alva C. DePass to Howard McCravy and George S. DePass, as trustees under the option heretofore mentioned, and to the Piedmont Interstate Fair Association subsequently formed. This petition was dismissed a few weeks later upon the ground that the Court was without jurisdiction since the Piedmont Interstate Fair Association was not a party to the action in which the petition was filed.

The action now before us was commenced on June 11, 1949. It is alleged in the complaint that Mr. Alva C. DePass represented Messrs. McCravy and DePass and the Piedmont Interstate Fair Association in the action by the minority stockholders to enjoin the sale under the option heretofore mentioned and that from these services considerable

benefits inured to the Piedmont Interstate Fair Association. Respondent further alleged that Mr. Alva C. DePass was employed by the promoters of the Piedmont Interstate Fair Association to organize said corporation and obtain a charter; that he did all the legal work incident to the formation of said corporation, including the preparation of by-laws; and that he represented said corporation in numerous matters after it commenced doing business.

In its answer appellant denied entering into any contract of employment with Mr. DePass, denied that he rendered the services mentiond in the complaint, and further alleged that if such services were rendered, it was not liable therefor. It was further asserted that the amount claimed was excessive.

In concluding that the case was a proper one for a compulsory order of reference, the Court below said in part: "This case has many features which make it well nigh impossible for a jury to try it and reach a verdict that would do justice between the parties. * * * Taking into consideration the period of time during which the services were rendered, the character and variety of those services and the large number of documents and records upon which the claim is based, this court is convinced that a jury trial would not furnish full and adequate remedy for relief."

A claim for professional services against persons *sui juris* or against a corporation rests on contract, express or implied, with the party to be charged or his representative. *Hubbard v. Camperdown Mills,* 25 S. C. 496, 1 S. E. 5; *Ex Parte Fort,* 36 S. C. 19, 15 S. E. 332; *Cauthen v. Cauthen,* 76 S. C. 226, 56 S. E. 978. Such a contract must ordinarily be enforced as other contracts by an action at law in which either party has the right of trial by a jury. *Wilson v. Township of York,* 43 S. C. 299, 21 S. E. 82; *Cauthen v. Cauthen, supra; Thames v. Rouse,* 85 S. C. 69, 67 S. E. 140.

It is clear under the above authorities that this is an ordinary action at law. Nothing appears to take it out of the general rule that either party is entitled to a jury trial. No equitable issues are involved; no breach of a fiduciary duty is claimed; and no long, intricate or complicated accounting is involved. It is true that a fiduciary relation always exists between attorney and client but this fact alone does not impart equitable features to the cause before us; otherwise, a compulsory order of reference would always be proper in an action for professional services rendered a client.

Respondent argues that Messrs. McCravy and DePass occupied a trust relation in undertaking to secure an option for the sale of the major portion of the assets of the Spartanburg County Fair Association to the Piedmont Interstate Fair Association, but this action does not involve that relationship. It is not a contest between Messrs. McCravy and DePass and the Piedmont Interstate Fair Association. All rights of the parties under said alleged option have been fully adjudicated and it was finally determined by this Court that the option was invalid. Appellant never acquired any rights thereunder.

It is claimed that the services for which compensation is sought extended over a long period of time and were rendered in connection with lengthy and complicated litigation. These circumstances appeared in the case of *Wilson v. Township of York, supra,* an action to recover attorney's fees, and it was held that they were insufficient to warrant a compulsory order of reference. Indeed, that case is decisive of the question before us.

Section 653 of the Code of 1942, under which the Court below granted the order of reference, expressly provides, as pointed out in *Beaty v. Massey-Hite Grocery Co.,* 211 S. C. 242, 44 S. E. (2d) 535, 174 A. L. R. 418, that it shall not be construed so "as to deprive any party of a trial by jury of

any case or issue upon which he is entitled to a trial by jury as a matter of right under the present practice."

We now turn to the question of whether the Court erred in refusing to strike certain allegations of the complaint. There are two phases of this motion: (1) Appellant seeks to strike out all allegations relating to a part of the claim upon the ground that the pleadings affirmatively show that there is no liability. (2) Appellant moved to strike out various exhibits attached to the complaint and certain allegations attempting to incorporate various records as a part of the complaint upon the ground that these documents are solely of an evidentiary nature.

Ordinarily an order refusing a motion to strike is not appealable. *Nettles v. Nettles,* 138 S. C. 318, 136 S. E. 297; *Bowden v. Powell et al.,* 194 S. C. 482, 10 S. E. (2d) 8; *Lentz v. Carolina Scenic Coach Lines et al.,* 208 S. C. 278, 38 S. E. (2d) 11. However, as pointed out in *Rice Hope Plantation v. South Carolina Public Service Authority,* S. C., 1950, 59 S. E. (2d) 132, there are some circumstances under which such an appeal will be entertained.

There is no reason in this case why we should depart from the general rule as to the second phase of the motion complaining of the inclusion of evidentiary matter. This part of the motion does not go to the merits and can better be determined during the trial of the case. We might add, however, that it was clearly improper to attach to the complaint affidavits of certain attorneys expressing an opinion as to the value of the services rendered. These exhibits (J, K and L) should not be read to the jury.

The other phase of the motion is in the nature of a demurrer to a substantial portion of respondent's claim. We should perhaps consider it since this appeal is already properly before us from that portion of the order granting a compulsory reference. The claim of respondent is divided in the complaint into two items, one for $1,800.00 and the other for $2,500.00. The motion to strike

is directed to the latter item. Appellant contends that this portion of the claim is based solely on services rendered to Messrs. McCravy and DePass, in the case of *Johnson et al. v. Spartanburg County Fair Association et al.*, 210 S. C. 56, 41 S. E. (2d) 599. It is argued that appellant was not a party to that action and received no benefits from the services claimed to have been rendered. It is true that all issues in that case were decided adversely to the Spartanburg County Fair Association and to the intervenors, Messrs. DePass and McCravy, and the option held invalid. The effect of that decision was to nullify the sale which the parties had previously attempted to consummate. It then became necessary for appellant to devise some other method of acquiring the property. This was finally accomplished by negotiations. But we do not understand that the item of $2,500.00 is based solely on the theory of benefits having inured to appellant from that litigation. The charter of appellant was obtained in July, 1946. Shortly thereafter its board of directors accepted the option and it took possession and control of the property. During the pendency of the above litigation, appellant held one or more fairs and made substantial profits. After the corporation was organized, it was, of course, empowered to employ counsel. Although not a party to the action mentioned, it was interested therein. According to the allegations of the complaint, appellant employed Mr. Alva DePass to represent its interest. He appeared in the cause for Messrs. DePass and McCravy in whose name the option was acquired for the benefit of appellant. Although Mr. DePass did not succeed in that litigation, no good reason appears, if it is shown that he was employed by the corporation, why he should not be paid a reasonable amount for the services rendered.

The effect of the foregoing conclusion is to probably render some of the allegations of the complaint irrelevant but they are so interwoven with others that are relevant, that they should be permitted to stand. In the light of the views herein expressed, the trial Judge can eliminate any irrelevant

matters. Under these circumstances of this case, this procedure will not be prejudicial.

The only other question for determination is appellant's motion to strike from the transcript of record an appendix inserted by respondent, contained in folios 263 to 282, inclusive. There was no basis for inserting this portion of the transcript. The motion is granted.

That portion of the order granting a compulsory reference is reversed; that portion refusing the motion to strike is affirmed.

FISHBURNE, STUKES, and TAYLOR, JJ., and L. D. LIDE, A.A.J., concur.

BAKER, C. J., not participating.