21164

Martha S. ELLIOTT, Appellant, v. D. W. GREEN, Jr., Respondent, In re Martha S. ELLIOTT, Petitioner, v. Kenneth S. Elliott, Respondent.

(263 S. E. (2d) 650)

*Allen C. Pate,* Florence, *for appellant.*

*D. W. Green, Jr.,* Conway, *for respondents.*

March 4, 1980.

GREGORY, Justice:

This appeal involves a fee dispute between appellant Martha S. Elliott and her attorney, respondent D. W. Green, Jr. We vacate the order of the Family Court for lack of subject matter jurisdiction.

The Family Court heard the matter by consent of the parties who neither served nor filed any formal pleadings, and awarded respondent $8,000.00 as a reasonable attorney fee for his services in obtaining a settlement and division of certain properties owned individually and jointly by his client, appellant Elliott, and her husband. To the extent the caption of this case conveys the impression this matter arises as an incident of respondent's representation of appellant in a divorce action, · it is misleading. Respondent did serve as counsel for appellant in a divorce suit, and normally the fee involving marital property settlement is regarded as an incident thereto; however, such is not the case here.

By agreement incorporated into the divorce decree, respondent received an attorney fee of $1,250.00 for his services representing appellant in the divorce action. The fee was awarded by the Family Court pursuant to its authority under Section 20-3-120, Code of Laws of South Carolina (1976), and was paid by Mr. Elliott. That section[1] provided:

§ 20-3-120. Alimony and suit money.

In every action for divorce from the bonds of matrimony, the wife, whether she be plaintiff or defendant, may in her complaint or answer or by petition pray for the allowance

---

[1] This matter was heard and decided by the Family Court prior to the enactment by the General Assembly of the Amendment of this section effective May 8, 1979, so as to allow either husband or wife to seek alimony and suit money. See Act No. 71 of 1979.

to her of alimony and suit money and for the allowance of such alimony and suit money *pendente lite*. If such claim shall appear well founded the court shall allow a reasonable sum therefor.

Both parties to the instant action agree the dispute herein arises from a matter of legal representation which was independent of the divorce action. Appellant admits she is solely responsible for respondent's fee but asserts she agreed to compensation on an hourly basis only. Respondent's testimony was that, of the combined time spent on the divorce and the property settlement, he would attribute approximately sixty percent of that total to the divorce action and forty percent to the property settlement. Alhough respondent testified at the hearing his requested fee of twenty thousand dollars or twenty-five percent of the appraised value of the property was "on a contingency basis depending upon the outcome and the results obtained," he now argues that fee represents the reasonable value of his services.[2] The parties agree respondent's fee of $1,250.00 for representing appellant in the divorce action was reasonable; here, the lower court awarded respondent $8,000.00 for his services in the property settlement. Appellant asserts that even if the Family Court had jurisdiction over the matter, the fee awarded is unduly excessive.

Accordingly, this matter is simply a fee dispute between an attorney and his client which in this state rests upon contract, express or implied.[3] See cases collected in 4 West's South Carolina Digest, *Attorney and Client,* at Key Nos. 130, 133. An action by an attorney for the collection of a fee is properly one at law on the contract. *DePass v. Piedmont Interstate Fair Association,* 217 S. C. 38, 59 S. E. (2d) 495 (1950); *Wessinger v. Sturkie, 77*

---

[2] At one point respondent discussed with his client the possibility of taking as his fee a front row lot at Sunset Beach valued between thirty-five and fifty thousand dollars.

[3] Fees for legal services, however, are always subject to and governed by the Code of Professional Responsibility, Canon 2, Disciplinary Rule 2-106.

F. (2d) 351 (4th Cir. 1935) ; 7 C. J. S. *Attorney and Client* §§ 195, 197.

Family Courts in this state clearly have no subject matter jurisdiction over actions in contract. *Fielden v. Fielden,* S. C., 262 S. E. (2d) 43 (1980) ; *Zwerling v. Zwerling,* S. C., 255 S. E. (2d) 850 (1979). Nor can such subject matter jurisdiction be conferred by the consent of the parties. *McCullough v. McCullough,* 242 S. C. 108, 130 S. E. (2d) 77 (1953) ; *Fielden, supra.* It follows the Family Court had no jurisdiction to entertain and adjudge this action. Jurisdiction lies with the Circuit Court.

This is not to say a Family Court judge may not, at the request of a litigant and his counsel, mediate a fee dispute when disagreement arises between them. Although not binding, his conciliatory function would in many instances serve the dual purpose of amicably resolving the fee dispute and furthering the ethical precepts of the legal profession by heading off an attorney's action for the collection of the fee. See Code of Professional Responsibility, Canon 2, Ethical Consideration 2-23. However, this was not the nature of the instant proceeding.

The power of the Family Court to order an award of suit money to be paid by one spouse to the other spouse's attorney in a divorce action is derived from statute. Section 20-3-120, Code of Laws of South Carolina (1976, as amended). Neither this statute nor Section 14-21-1020, Code of Laws of South Carolina (1976, as amended) vests the Family Court with the power and authority and jurisdiction to enforceably resolve a fee dispute between an attorney and his client over matters based on contract.

Vacated.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.