491 S.E.2d 240

**Ken H. LESTER, Respondent,**

v.

**Paul W. DAWSON, III, Appellant.**

No. 24681.

Supreme Court of South Carolina.

Heard Nov. 20, 1996.
Decided Sept. 2, 1997.
Rehearing Denied Oct. 10, 1997.

264

---

William L. Pope and Roy F. Laney, both of Pope & Rodgers, Columbia, for Appellant.

Leo A. Dryer, Columbia, for Respondent.

TOAL, Justice:

In this attorneys' fee dispute, Appellant Dawson ("Client") argues he was entitled to a trial by jury. Because Dawson did not timely appeal the denial of his request for a jury trial, he is barred from bringing this appeal. However, we take this opportunity to clarify that an action by an attorney for recovery of sums owed under a fee agreement between the attorney and his client constitutes an action in law with the right to a trial by jury.

## FACTUAL/PROCEDURAL BACKGROUND

Attorney Ken Lester ("Attorney") represented Client in a domestic matter. Client paid Attorney a $5000 retainer fee and also advanced $500 for costs. Client later terminated the

representation, at which point Attorney sent his final bill for services. Client disputed the bill and did not pay it.

On August 12, 1991, Attorney brought this action against Client for payment of sums that Attorney alleged Client owed. Client's answer averred that he had fulfilled his agreement with Attorney by paying the $5500.

Throughout pre-trial, Attorney and Client wrangled over whether the trial would be held before a jury or before the judge alone. Client moved at least twice for a jury trial. Client's last motion for a jury trial was made on or about March 4, 1994. Client submitted a memorandum in support of his March 4th motion, arguing he had a constitutional right to trial by jury because an action for collection of attorneys' fees is an action at law. He further argued that it violated his equal protection rights for an action for attorneys' fees to be treated as an action in equity, while other actions for the collection of monies owed under contracts were treated as actions in law. The circuit court rejected this motion, and the case was placed on the non-jury roster. Client did not appeal this ruling.

At trial, Client renewed his motion that the case be transferred to the jury roster. The trial judge found the question moot because Client had not appealed the previous order denying his motion to have the action tried before a jury. The judge also found that Client's argument failed on the merits, as South Carolina law holds that an action for attorneys' fees is an action in equity rather than one in law. In an order dated February 22, 1995 and filed March 6, 1995, the trial court ruled in favor of Attorney, finding Client had failed to pay sums due under the fee agreement between Attorney and Client.

On March 16, 1995, Client moved for reconsideration, arguing, *inter alia,* that the trial court improperly denied his renewed motion for a jury trial. The trial court denied this portion of Client's motion for reconsideration. Client now appeals.

## LAW/ANALYSIS

Client makes two arguments on appeal: (1) that an action for attorneys' fees is an action in contract, and that, therefore;

there is an absolute right to trial by jury in such an action; and (2) that the denial of his request for a jury trial violated the Equal Protection Clauses of the state and federal constitutions.[1] These arguments are barred because Client failed to timely appeal the issues. On the merits, however, we find that generally an action under a contract for the recovery of attorneys' fees constitutes an action in law with the right to a jury trial.

## A. TIMELINESS OF APPEAL

This Court has held that orders affecting the mode of trial affect substantial rights under S.C.Code Ann. § 14–3–330(2) (1977) and must, therefore, be appealed immediately. *E.g., Foggie v. CSX Transp.,* 313 S.C. 98, 431 S.E.2d 587 (1993) ("Issues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable."). Moreover, the failure to timely appeal an order affecting the mode of trial effects a waiver of the right to appeal that issue. *Id.; see also Edwards v. Timmons,* 297 S.C. 314, 377 S.E.2d 97 (1988) (where appellant did not appeal the order referring matter to master in equity, she could not complain after final order that she was deprived of her right to a trial by jury); *Creed v. Stokes,* 285 S.C. 542, 331 S.E.2d 351 (1985) (where appellant failed to timely appeal an order referring dispute to master in equity, appellant could not later complain that he had been entitled to a trial by jury). Here, Client's failure to immediately appeal the order designating this case as a non-jury matter bars his current appeal of that issue.

Client does not take issue with the *Creed* rule, but claims he is exempt from its operation. He argues that the *Creed* rule applies only where the order deprives the party of a mode of trial to which he is entitled as a matter of right. Citing *Rowe Furniture Corp. v. Carolina Wholesale Furniture,* 292 S.C. 575, 357 S.E.2d 725 (Ct.App.1987), Client notes that where the question whether to order a jury trial is discretionary with the

---

1. Client's brief also argues the trial court erred in awarding Attorney's expert witness fees. Attorney has agreed to relinquish those fees, however, so that issue is no longer before us.

trial judge, an appeal from the judge's decision on that issue should not be made until a final judgment is entered.

*Rowe Furniture* is inapposite. Client did not argue below and does not argue now that the decision whether to order a jury trial was discretionary with the trial judge; rather, he moved under Rule 38, SCRCP, for a trial by jury. Rule 38 concerns trial by jury as of right. Rule 39(b), on the other hand, allows the trial court discretion to order a jury or non-jury trial. The mere fact that Client was forced to distinguish some South Carolina case law in order for a court to find him entitled to a jury trial does not mean the decision whether to order a jury trial was ever *discretionary*. Accordingly, Client's appeal is untimely.

## B. NATURE OF ACTION FOR ATTORNEYS' FEES

■ Client argues that the Court should find an action to recover attorneys' fees under a fee agreement between an attorney and client constitutes an action at law giving rise to the right to a jury trial.[2] We agree.

■ The South Carolina Constitution provides that the right of trial by jury is to be "preserved inviolate." S.C. Const. art. I, § 14. This provision preserves the right of trial by jury only in those cases in which the parties were entitled to it under the law or practice existing at the time of the adoption of the Constitution. *E.g., Pelfrey v. Bank of Greer,* 270 S.C. 691, 244 S.E.2d 315 (1978). Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions. *See, e.g., Defender Properties, Inc. v. Doby,* 307 S.C. 336, 415 S.E.2d 383 (1992) (action to determine fair market value of a stock treated as action in equity with no right to a jury trial). Historically in South Carolina, an action to recover attorneys' fees pursuant to a contract for legal services has been treated as an action in law with the right to trial by jury. *See, e.g., Elliott v. Green,* 274 S.C. 348, 263

---

2. The Court granted Client's motion to argue against precedent, and Client now argues that *Ex parte Stevens, Stevens, & Thomas,* 277 S.C. 150, 283 S.E.2d 444 (1981), in which this Court held that an action for attorneys' fees is one in equity, should either be overruled or be found distinguishable from the present case.

S.E.2d 650 (1980) (an action by an attorney for collection of a fee is properly one at law on the contract); *DePass v. Piedmont Interstate Fair Ass'n*, 217 S.C. 38, 59 S.E.2d 495 (1950) (action for collection of attorneys' fee charged pursuant to contract between attorney and client constitutes an action at law giving rise to a right to jury trial); *cf. Nimmons v. Stewart*, 13 S.C. 445 (1880) (a claim for professional services as between attorney and client rests upon contract).

Courts throughout the country have, in fact, recognized that an action for the recovery of attorneys' fees is an action in law rather than in equity. The general rule is summarized as follows:

> An action by an attorney for compensation, whether on a written contingency agreement or on a quasi-contractual obligation to pay the reasonable value of services prior to its breach, sounds in contract. The proper form of action by which to enforce payment, generally, is by an action at law on the contract, such as by an action of assumpsit....
>
> Except in case of the enforcement of an attorney's lien, ... a suit in equity is available to enforce payment of an attorney's compensation only where special circumstances are present which give a court of equity jurisdiction, such as where the agreement between the parties amounts to an equitable assignment, or where the cause of action for compensation is consolidated with other chancery causes, or where an accounting is contemplated or involved.

7A C.J.S. *Attorney & Client* § 339 (1980); *see also Litman v. Fine, Jacobson, Schwartz, Nash, Block, & England*, 517 So.2d 88, 93 n. 7 (Fla.Ct.App.1987) ("[I]f an attorney has not claimed a charging lien or there are no proceeds to which a lien can attach, he nonetheless retains the right to sue the client on the contract in an action at law in which the client is entitled to a jury trial."), *rev. denied*, 525 So.2d 879 (Fla.1988); *Alexander v. Inman*, 903 S.W.2d 686, 704 (Tenn.Ct.App.1995) (in action by attorney for breach of contract against client who failed to pay attorneys' fees pursuant to parties' agreement, court found "the parties have an absolute right to a jury trial ... since breach of contract actions are not inherently equitable. We perceive no basis for distinguishing an action for breach of a contract for attorneys' fees from other breach of contract actions."), *rev. denied* (Tenn.1995); 7 Am.Jur.2d *Attorneys at*

*Law* § 306 (1980) ("The right of an attorney to recover by suit the compensation to which he is entitled for his services, either under express contract or on a quantum meruit, is well established.") (citing *Trist v. Child,* 21 Wall. (88 U.S.) 441, 22 L.Ed. 623 (1874) (generally, a resort to equity is not permitted where there is an adequate remedy at law)).

In *Ex parte Stevens, Stevens & Thomas,* 277 S.C. 150, 283 S.E.2d 444 (1981), this Court departed from its longstanding rule that actions for the recovery of attorneys' fees constitute actions in law with the right to jury trial. In that case, a law firm had represented a client in an action for collection of a debt. Judgment was entered against the debtors, and sometime thereafter the debtors satisfied the judgment by depositing the monies owed with the clerk of court in Horry County. Before the funds were disbursed to the law firm's client, the law firm petitioned the court to obtain its attorneys' fees. The petition did not constitute a *separate* action for recovery of attorneys' fees; rather, the law firm attempted to secure its fee before its client received any funds. A witness for the law firm testified that the client had been told that the law firm's fee would be one-third of any recovery obtained for the client, and that the client had agreed to the fee proposed. The trial court granted the law firm judgment in the amount of one-third of the fee paid by the debtors.

On appeal, the client contended he was denied his right to a jury trial in the action for attorneys' fees. This Court disagreed and reversed our prior rule that an action to recover attorneys' fees sounds in contract and is thus an action at law. In a succinct statement, the Court simply held in *Stevens,* "[w]hile a claim for professional services has been regarded as an action in contract entitling the parties to a jury trial, we now hold that an action for attorney's fees is one in equity." *Id.* at 151, 283 S.E.2d at 444–45.

In *Eleazer v. Hardaway Concrete Co.,* 281 S.C. 344, 315 S.E.2d 174 (Ct.App.1984), the Court of Appeals interpreted our holding in *Stevens.* In that case, the Court of Appeals employed the concept of an equitable lien to find that a certain kind of action for attorneys' fees sounds in equity rather than in law. In *Eleazer,* the attorney had obtained a judgment for his client. Shortly thereafter, a third party obtained a judgment against the attorney's client and attached the judgment

that attorney had obtained for the client. The attorney claimed he had an "attorney's charging lien" that was superior to the third party's attachment lien.

The Court of Appeals agreed. It found first that an attorney's charging lien is an "equitable right to have the fee and costs due an attorney for services rendered in a legal proceeding secured to him out of any judgment or recovery obtained therein." *Id.* at 348, 315 S.E.2d at 177. Observing that this kind of lien protects only costs and disbursements, the Court nevertheless found that "[a] lien for the payment of an attorney's fee *out of the proceeds of a judgment* obtained as a result of an attorney's efforts, however, may be created *by an express agreement* between an attorney and his client." *Id.* (emphasis added). Because the attorney and client in *Eleazer* had specifically agreed that the attorneys' fee would be secured by a lien upon the proceeds of any judgment the attorney obtained for the client, the Court found there was an equitable lien. The Court of Appeals further observed that such actions are considered equitable in nature. *Id.* at 350, 315 S.E.2d at 178.

We believe the holding in *Eleazer* is correct. When an attorney and client agree that the attorneys' fee will be secured by a lien on the proceeds of a judgment the attorney obtains for the client, the action to recover under the lien constitutes an action in equity. However, we hold that an ordinary action to recover attorneys' fees pursuant to a fee agreement between the attorney and his client is an action in law with the right to a jury trial. To the extent it is inconsistent with this opinion, *Stevens* is hereby overruled.

## CONCLUSION

Because Client did not timely appeal the denial of his motion for jury trial, the decision of the circuit court is **AFFIRMED IN RESULT.**

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.