**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivable, LLC 2006-OP1 Mortgage Pass-Through Certificates, Series 2006-OP1, Respondent,

v.

Verianne A. Barker, Four Seasons Farms Homeowners Association, Inc., Defendants, of whom Verianne A. Barker is Appellant.

Appellate Case No. 2009-129487

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2012-UP-551
Submitted June 1, 2011 – Filed October 10, 2012

**AFFIRMED**

David C. Alford, of David C. Alford, P.C., of Spartanburg, for Appellant.

Clary Edward Rawl, Jr., of Fisher & Phillips, LLP, of Columbia; Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant; Weston Adams, III, of

McAngus Goudelock & Courie, LLC, of Columbia; and Eric C. Hale, of Law Office of Eric C. Hale, LLC, of Irmo, for Respondent.

---

**PER CURIAM:**  In this contested foreclosure action, Appellant Verianne A. Barker seeks review of an order of the Master-in-Equity granting in part Wells Fargo Bank's summary judgment motion by denying Barker's demand for a jury trial.  Barker argues that she is entitled to a jury trial on her compulsory counterclaims because they are legal, as opposed to equitable, in nature.  We affirm.

## I.  Right to Jury Trial

Barker maintains that the master erred in denying her demand for a jury trial when her counterclaims were compulsory and legal, as opposed to equitable, in nature. We disagree.

"Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions."  *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997).  "The character of an action as legal or equitable depends on the relief sought."  *Cedar Cove Homeowners Ass'n, Inc. v. DiPietro*, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct. App. 2006).  "[A]n action sounding in law may be transformed to one in equity because equitable relief is sought."  *Ins. Fin. Servs., Inc. v. S.C. Ins. Co.*, 271 S.C. 289, 293, 247 S.E.2d 315, 318 (1978) (citing 1 Am. Jur. 2d, *Actions* § 7 (1962)); *see also Crewe v. Blackmon*, 289 S.C. 229, 232-33, 345 S.E.2d 754, 756-57 (Ct. App. 1986) (concluding that although a complaint included allegations of fraud and misrepresentation, the action was one in equity when most of the relief sought was equitable in nature).

Here, Barker's pro se answer asserted that the predatory lending practices of Wells Fargo and its predecessors, such as baiting of unsuspecting home buyers and selling mortgages without advising the mortgagors, were unfair and unscrupulous. Barker's pleading requested the following relief:  (1) deny foreclosure and public sale of her property; (2) order Wells Fargo to work out a new payment rate in order for her to keep her property; and (3) dismiss all costs requested by Wells Fargo in its complaint.

The master concluded the primary purpose of these claims was to seek equitable relief.  We agree.  *See Shaw v. Aetna Cas. & Sur. Ins. Co.*, 274 S.C. 281, 285, 262 S.E.2d 903, 905 (1980) (characterizing the reformation of a contract as equitable relief); *Cedar Cove*, 368 S.C. at 258, 628 S.E.2d at 286 (concluding that an action seeking injunctive relief is one in equity); *MI Co. v. McLean*, 325 S.C. 616, 623, 482 S.E.2d 597, 601 (Ct. App. 1997) ("An action to foreclose a real estate mortgage is one in equity.").  Because the requested remedies are equitable in nature, Barker's claims are equitable in nature.  *Cedar Cove*, 368 S.C. at 258, 628 S.E.2d at 286 ("The character of an action as legal or equitable depends on the relief sought.").

Barker also asserts that her counterclaims are compulsory.[1]  However, this does not change the character of her claims from equitable to legal.  *See N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 517, 381 S.E.2d 903, 905 (1989) ("A party does not waive its right to a jury trial on a counterclaim asserted in an equity action if the counterclaim is legal and compulsory in nature.").

Based on the foregoing, we affirm on this issue.

## II.  Order of Reference

Barker contends that the master erred in upholding the order of reference, which stated that all issues in the case were equitable in nature and gave the master authority to enter a final judgment in the case.  Barker argues that she should have received a hearing on her objection to the referral prior to the issuance of the order of reference.  We disagree.

---

[1] *See* Rule 13(a), SCRCP ("A pleading *shall* state *as a counterclaim* any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (emphasis added)); *see also Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995) (indicating the test for determining if a counterclaim is compulsory is whether there is a "logical relationship" between the claim and the counterclaim).

The master advised Barker that all foreclosure actions are referred to the master "by rule" and the master makes the decision on "whether it goes back and goes to jury trial." The master stated "it is up to me to decide whether you have issues that should be tried by a jury." Rule 71, SCRCP, states that actions to foreclose liens shall be tried by the court and shall ordinarily be referred to a master pursuant to Rule 53, SCRCP. Rule 53(b), SCRCP, states, "[i]n an action where the parties consent, in a default case, or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court." Rule 53(b) also provides that any party may request a jury "on any or all issues triable of right by a jury and, upon the filing of a jury demand, the matter shall be returned to the circuit court."

However, Rule 53(c), SCRCP, provides that once a matter is referred to the master, he or she "shall exercise all power and authority [that] a circuit judge sitting without a jury would have in a similar matter." Therefore, when a case is referred to the master under Rule 53, the master has the power to conduct hearings in the same manner as the circuit court unless the order of reference limits the master's powers. *Smith Cos. of Greenville, Inc. v. Hayes*, 311 S.C. 358, 360, 428 S.E.2d 900, 902 (Ct. App. 1993) (citing *Bonney v. Granger*, 292 S.C. 308, 322, 356 S.E.2d 138, 147 (Ct. App. 1987)). In the present case, the circuit court's order of reference authorized the master, "pursuant to Rules 53(b) and 71[,] SCRCP," to (1) take testimony arising under the pleadings; (2) make findings of fact and conclusions of law; (3) enter a final judgment in the action; (4) hear any issues after sale or judgment; and (5) sell the property at public auction. The order of reference also required any resulting appeal to be directed to this court.

Accordingly, it was permissible for the master, rather than the circuit court, to make the determination of whether Barker was entitled to a jury trial. *Cf. Bonney*, 292 S.C. at 322, 356 S.E.2d at 147 (holding the order of reference placed no limits on the power of the master to conduct the reference); *id.* (holding the master had authority to permit amended pleadings and to enter judgment on the issues raised by the amendments because he was authorized to conduct the case in accordance with the rules of civil procedure). In any event, any possible irregularity in the procedure employed in this case for determining Barker's entitlement to a jury trial was harmless in light of the equitable nature of Barker's claims. Because she requested equitable relief, she was not entitled to a jury trial. *See Lester*, 327 S.C. at 267, 491 S.E.2d at 242 (holding there is no right to trial by jury for equitable actions). Therefore, we affirm on this issue. *See Jensen v. Conrad*, 292 S.C. 169,

172, 355 S.E.2d 291, 293 (Ct. App. 1987) (holding that a judgment will not be reversed for insubstantial errors not affecting the result).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**