**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wells Fargo Bank, N.A., Respondent,

v.

Gisela B. Moore, Thomas J. Moore a/k/a Tom J. Moore, and John Moore, Appellants.

Appellate Case No. 2014-001766

_____

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-496
Heard November 3, 2016 – Filed November 30, 2016

_____

**AFFIRMED**

_____

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, for Appellants.

Thomas E. Lydon, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

_____

**PER CURIAM:** In this foreclosure action, Gisela B. Moore, Thomas J. Moore, and John Moore argue the circuit court erred in granting partial summary judgment to Wells Fargo Bank, N.A. and referring this case to the master-in-equity. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Lanham v.*

*Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); Rule 56(c), SCRCP (stating summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Rosemond v. Campbell*, 288 S.C. 516, 523, 343 S.E.2d 641, 645 (Ct. App. 1986) ("[T]he assignee of a debt takes the obligation subject to all claims and defenses the obligor may have against the assignor. However, absent an agreement to the contrary, the common law assignee takes only the benefits, not the burdens of the assigned obligation.")(citation omitted); *id.* ("[A]s against the assignee, the obligor can only assert a claim defensively when the assignee seeks to enforce the obligation; he has no common law right to sue the assignee affirmatively on a claim against the assignor arising from the underlying obligation."); *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997) ("[T]he relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions."); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage foreclosure is an action in equity."); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009) ("An action for an accounting sounds in equity.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**