**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Triad Mechanical Contractors, Inc., Respondent,

v.

Built Right Construction, LLC; Austin-Hitt Contracting, a Corporation; Allison Smith Company; Charleston County Aviation Authority, A Body Politic; Jesse L. Blewer; Christopher Pelletier; Gene Pelletier; Federal Insurance Company/Travelers Casualty and Surety/Liberty Mutual Company, Defendants,

Of whom Built Right Construction, LLC, Chris Pelletier, and Jesse Blewer, are Appellants.

Appellate Case No. 2017-001205

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2020-UP-090
Submitted January 1, 2020 – Filed April 1, 2020

**AFFIRMED**

William K. Austin, of Austin Law Firm, LLC, of Charleston, for Appellants.

William L. Runyon, Jr., of William L. Runyon Law Office, of Charleston, for Respondent.

**PER CURIAM:** Christopher Pelletier, Jesse Blewer, and Built Right Construction, LLC appeal the trial court's oral denial of their oral request for a jury trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Frampton v. S.C. Dep't of Transp.*, 406 S.C. 377, 385, 752 S.E.2d 269, 274 (Ct. App. 2013) ("Orders affecting the mode of trial affect a substantial right as defined in section 14-3-330(2) of the South Carolina Code [(2017)] 'and must, therefore, be appealed immediately.'" (quoting *Lester v. Dawson*, 327 S.C. 263, 266, 491 S.E.2d 240, 241 (1997))); *id.* at 386, 752 S.E.2d at 274 ("Moreover, the failure to timely appeal an order affecting the mode of trial effects a waiver of the right to appeal that issue." (quoting *Lester*, 327 S.C. at 266, 491 S.E.2d at 241)); *Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 23, 431 S.E.2d 587, 590 (1993) ("Issues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable."); *Shah v. Richland Mem'l Hosp.*, 350 S.C. 139, 152, 564 S.E.2d 681, 688 (Ct. App. 2002) ("Thus, where a party fails to immediately appeal an order designating the case as a non-jury matter, it acts as a waiver of the right to appeal that issue and a subsequent appeal is barred."); *Motley v. Williams*, 374 S.C. 107, 112, 647 S.E.2d 244, 247 (Ct. App. 2007) ("Acts of an attorney are directly attributable to and binding upon the client." (quoting *Shelton v. Bressant*, 312 S.C. 183, 184, 439 S.E.2d 833, 834 (1993))).[1]

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] Additionally, Blewer failed to request a jury trial within ten days of filing his answer, thus waiving any subsequent right to a jury trial. *See* Rule 38(b), SCRCP ("Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.